## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:                                    Bankruptcy No. 10-30894
                                          SBB
                                              Chapter 7

GARY DAVID HAUCK, XXX-XX-3149
BRENDA KAY HAUCK, XXX-XX-0812              Adversary Proceeding No.
Debtors,                                       10-01888-SBB

v.

STEPHANIE M. MARTIN,
Plaintiff,

vs.

GARY DAVID HAUCK, and
BRENDA KAY HAUCK.
Defendants.

_____
_____

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## RE: ISSUE OF NONDISCHARGEABILITY WITH SUPPORTING AUTHORITY
_____
_____

COMES NOW the Plaintiff, Stephanie M. Martin, by and through her counsel,

Murray & Damschen, P.C., and hereby respectfully submits her Motion For Summary

Judgment Re: Issue Of Nondischargeability With Supporting Authority:

## I.    INTRODUCTION

Plaintiff filed this adversarial proceeding seeking an order from this court

declaring that her claim against Debtors is exempt from discharge pursuant to the

provisions of 11 U.S.C. § 523(a)(2), (4) and (6).  Plaintiff respectfully submits that,

pursuant to FRCP 56, there is no genuine issue of material fact and, therefore, Plaintiff is

1

entitled to judgment as a matter of law.[1]

## II.    LEGAL STANDARD

Pursuant to FRCP 56, a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Summary judgment under Rule 56 is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex Corp. V. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In the instant case, it is undisputed that Plaintiff has previously obtained a judgment against Debtors in the District Court of Jefferson County, Colorado.  For the reasons set forth below, Plaintiff respectfully submits that this state court judgment should be deemed to be preclusive with regard to the issue of dischargeability, thus entitling Plaintiff to judgment as a matter of law.

## III.    FACTUAL BACKGROUND

On July 20, 2007, Plaintiff filed a civil action in the District Court of Jefferson County, Colorado, ("State Action") against Debtors alleging fraud and civil theft in connection with Debtors' purchase from Plaintiff in 2006 of a home located in Lakewood, Colorado ("Home").[2]  In her First Amended Complaint filed on December 21, 2007, Plaintiff asserted claims for Extreme and Outrageous Conduct, Deceit Based on Fraud, Civil Conspiracy, and Civil Theft Pursuant to C.R.S. § 18-4-401.  Plaintiff also requested that a Constructive Trust be imposed on the Home.[3]  On March 25, 2009, Plaintiff filed a Motion For Entry Of Default Judgment in the State Action.  On April 30,

2009, the Court in the State Action entered judgment in favor of Plaintiff and against Debtors, jointly and severally, in the amount of $516,520.30.[4]

On July 14, 2009, Debtors filed a Motion to Vacate Judgment and Set Aside Default in the State Action. On August 3, 2009, the Court in the State Action entered an order granting Debtors' Motion, and on August 12, 2009, Debtors filed their Answer in the State Action. The State Action was subsequently set for a five-day jury trial commencing on August 16, 2010.

On May 6, 2010, Plaintiff, Debtors and their respective legal counsel attended a settlement conference presided over by a retired Colorado district court judge, the Hon. Kim H. Goldberger. At the settlement conference, a settlement was reached pursuant to which Debtors stipulated to the entry of a judgment against them, jointly and severally, in the amount of $200,000.00 on Plaintiff's claims for deceit based on fraud and civil theft pursuant to C.R.S. § 18-4-401 as stated in Plaintiff's First Amended Complaint and Jury Demand dated December 21, 2007.[5] On May 14, 2010, the Court in the State Action entered judgment in accordance with the stipulation of the parties.[6]

On August 17, 2010, Debtors filed their Voluntary Petition seeking relief under Chapter 7. On November 12, 2010, Plaintiff commenced the instant adversarial proceeding seeking an order declaring that Plaintiff's claims against Debtors are nondischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(2), (4) and (6).

### III.  ARGUMENT

### A.  As They Relate To The Question Of Nondischargeability, The Issues In The Colorado State Court Action And The Instant Adversarial Proceeding Are Identical

3

In this adversarial proceeding, Plaintiff seeks a judicial determination from this Court that Plaintiff's state court claims and resultant judgment are nondischargeable under 11 U.S.C. § 523 by operation of the doctrine of collateral estoppel (or issue preclusion). In determining whether the judgment in the State Action is to be give preclusive effect, this Court must determine whether the issues adjudicated in the Colorado state court proceeding are identical to the issues in this adversarial proceeding. For the reasons set forth below, Plaintiff respectfully submits that there is in fact an "identity of issues" in the two proceedings and that, for this reason, there is nothing left for this Court to examine other than the question of whether the remaining requirements for issue preclusion have been satisfied.

Section 523(a)(2)(A) of the Bankruptcy Code provides, in pertinent part, that a discharge under § 727, 1141, 1228(a), 1228(b) or 1328(b) of Title 11 does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ..." To prevail in a § 523(a)(2)(A) action, a Plaintiff must establish the traditional aspects of common law fraud: (1) the debtor made a false representation to deceive the creditor; (2) the creditor relied on the misrepresentation; (3) the reliance was justified; and (4) the creditor sustained a loss as a result of the misrepresentation. In re *Bilzerian,* 153 F.3d 1278, 1281 (llth Cir. 1998). The creditor must establish each of the elements of fraud by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291 (1991).

In her Second Claim For Relief contained in her First Amended Complaint filed

4

in the state court proceeding, Plaintiff asserted a claim under Colorado law for "deceit based on fraud". Specifically, the Second Claim For Relief alleged that Debtors, and each of them, made a representation of a past or present fact(s); that the fact(s) was material; that at the time the representation(s) was made, Debtors, and each of them, knew the representation was false; that Debtors made the representation(s) with the intent that Plaintiff would rely on the representation(s); that Plaintiff relied upon the representation(s); that Plaintiff's reliance was justified; and that such reliance has caused injuries and damages to Plaintiff. By virtue of stipulating to the entry of judgment on this fraud-based claim, Debtors admitted that the allegations contained in this claim for relief – which are essentially identical to the required elements in In re *Bilzerian, supra* – had been established. As a result, the Colorado state court judgment establishes the requisite elements of nondischargeability pursuant to § 523(a)(2)(A) for any debt for money obtained by "false pretenses, a false representation, or actual fraud ..."

Section 523(a)(4) of the Bankruptcy Code provides, in pertinent part, that a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of Title 11 does not discharge an individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny ..." For purposes of § 523(a)(4), a bankruptcy court is not bound by the state law definition of larceny but, rather, may follow federal common law, which defines larceny a "felonious taking of another person's property with intent to convert it or deprive the owner of the same." 4 Collier on Bankruptcy ¶ 523.10[z] (15th ed. Rev. 2008).

In the Fourth Claim For Relief contained in her First Amended Complaint filed in the state court proceeding, Plaintiff asserted a claim for "civil theft" pursuant to C.R.S. §

5

18-4-401. Specifically, the Second Claim For Relief alleged that Debtors, and each of them, "knowingly obtained title to, and exercised control over, Plaintiff's [home] and Plaintiff's equity in the [home] by deception, and intended to permanently deprive Plaintiff of the use or benefit of the [home] and Plaintiff's equity in the [home]." As with the Second Claim For Relief based on "fraud by deceit", Debtors, by virtue of stipulating to the entry of judgment on Plaintiff's claim based on "civil theft" pursuant to C.R.S. § 18-4-401, admitted that the allegations contained this claim for relief – which are essentially the requirements for "larceny" under federal common law – had been established. As a result, the Colorado state court judgment establishes the requisite elements of nondischargeability pursuant to Section 523(a)(4) for any debt for "larceny."

For the reasons set forth above, it is clear that the issues in the Colorado state court proceeding were identical to those presented in the instant adversarial proceeding. In the state court proceeding, Debtors stipulated to entry of a judgment against them, jointly and severally, on claims for "deceit based on fraud" and "civil theft" under Colorado law, claims whose requisite elements are identical, or substantially identical, to the requisite elements for debts for money or property obtained by "false pretenses, a false representation, or actual fraud" under § 523(a)(2)(A), as well as for debts for "larceny" under § 523 (a)(4). Thus, Plaintiff has established the elements of nondischargeability required pursuant to § 523(a)(2)(A) and (a)(4).[7]

## B.   Collateral Estoppel Under Colorado Law

Although the bankruptcy courts retain exclusive jurisdiction to determine whether a debt is non-dischargeable under 11 U.S.C. § 523(a)(2) and 523(a)(4), the doctrine of collateral estoppel may be invoked to bar relitigation of factual issues determined in a

6

prior judgment. *See:* In re *Wallace,* 840 F.2d 762, 764 (10th Cir. 1988). In determining whether a prior state court judgment is to be given preclusive effect, a bankruptcy court must look to the preclusion law of the state in which the judgment was rendered. In re *Sukut,* 357 B.R. 840 (Bankr. D. Colo. 2006). Since Plaintiff obtained her judgment in a Colorado state court, this Court must apply Colorado law to determine whether the judgment is to be given preclusive effect with regard to the issue of non-dischargeability.

In *Bebo Constr. Co. v. Mattox & O'Brien, P.C.,* 990 P.2D. 78 (Colo. 1999), the Colorado Supreme Court set forth the four requirements which must be met for collateral estoppel (or issue preclusion) to apply: (1) the issue to be precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party in the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. *Id.* at 84-85. In the instant case, it is clear that the second (identity of parties) and third (finality of judgment) elements of the *Bebo* test have been satisfied; accordingly, this Court must determine whether the first and fourth elements have likewise been satisfied.

### 1. The Issue To Be Precluded Was Actually Litigated In The Prior Proceeding

For an issue to be actually litigated for purposes of collateral estoppel, the issue must have been pled in the prior claim and a determination on that issue must have been necessary to the prior judgment. *Bebo, supra,* at 85. In a dischargeability proceeding, a consent judgment or stipulation and agreement entered as a court order can be a final

adjudication on the dischargeability issue and have collateral estoppel effects on a bankruptcy court. In re *Austin*, 93 B.R. 723 (Bankr. D. Colo. 1988). In a dischargeability proceeding, the focus is placed on whether the debtor had an opportunity to present his case or to litigate the relevant issues. *Id.* at 727. The issue need not be actually and fully tried, provided the dispute proceeded through all phases of litigation appropriate to the case, while providing full and fair protection of litigants' rights. *Id. See also* In re *Riggle*, 389 B.R. 167 (Bankr. D. Colo. 2007).

The bankruptcy court should look beyond the state court judgment to the entire record from the state proceeding to ensure that all issues to be given preclusive effect have been actually litigated and presented. In re *Dunston*, 146 B.R. 269 (D. Colo. 1992). Where the party seeking to apply collateral estoppel presents evidence that the parties engaged in a "meaningful assessment of the facts" and then the defendant made a "conscious choice not to contest the entry of judgment", a court may appropriately find the issue was actually litigated. In re *Sukut*, 357 B.R. 834, 839 (Bankr. D. Colo. 2006); *Riggle, supra*, at 175.

In a foregoing section of this memorandum, Plaintiff has established the "identity of issue" requirement for application of collateral estoppel. In the instant case, it is also clear that the "actually litigated" requirement has been met. In their First Amended Complaint filed in state court on December 21, 2007, Plaintiff asserted various claims for relief against Debtors, including a claim for deceit based on fraud, and a claim for civil theft pursuant to C.R.S. § 18-4-401. By Order dated April 30, 2009, Judge Lily W. Oeffler entered default judgment against Debtors, jointly and severally, in the amount of $516,520.30; said judgment included treble damages as provided for by C.R.S. 18-4-401.

adjudication on the dischargeability issue and have collateral estoppel effects on a bankruptcy court. In re *Austin,* 93 B.R. 723 (Bankr. D. Colo. 1988). In a dischargeability proceeding, the focus is placed on whether the debtor had an opportunity to present his case or to litigate the relevant issues. *Id.* at 727. The issue need not be actually and fully tried, provided the dispute proceeded through all phases of litigation appropriate to the case, while providing full and fair protection of litigants' rights. *Id. See also* In re *Riggle,* 389 B.R. 167 (Bankr. D. Colo. 2007).

The bankruptcy court should look beyond the state court judgment to the entire record from the state proceeding to ensure that all issues to be given preclusive effect have been actually litigated and presented. In re *Dunston,* 146 B.R. 269 (D. Colo. 1992). Where the party seeking to apply collateral estoppel presents evidence that the parties engaged in a "meaningful assessment of the facts" and then the defendant made a "conscious choice not to contest the entry of judgment", a court may appropriately find the issue was actually litigated. In re *Sukut,* 357 B.R. 834, 839 (Bankr. D. Colo. 2006); *Riggle, supra,* at 175.

In a foregoing section of this memorandum, Plaintiff has established the "identity of issue" requirement for application of collateral estoppel. In the instant case, it is also clear that the "actually litigated" requirement has been met. In their First Amended Complaint filed in state court on December 21, 2007, Plaintiff asserted various claims for relief against Debtors, including a claim for deceit based on fraud, and a claim for civil theft pursuant to C.R.S. § 18-4-401. By Order dated April 30, 2009, Judge Lily W. Oeffler entered default judgment against Debtors, jointly and severally, in the amount of $516,520.30; said judgment included treble damages as provided for by C.R.S. 18-4-401.

On July 14, 2009, however, Debtors, through counsel, filed a motion for relief from the April 30, 2009 default judgment, and the motion was briefed extensively by the parties. By Order dated August 3, 2009, Judge Oeffler set the default judgment aside.

On May 6, 2010, the parties, represented by counsel, attended a settlement conference with a retired Colorado state court judge, Kim H. Goldberger, at the offices of Debtors' legal counsel. At the conclusion of the settlement conference, the parties and their respective counsel signed a Stipulation in which Debtors – again, represented by counsel – agreed to the entry of judgment against them, jointly and severally, and in favor of Plaintiff, in the reduced amount of $200,000.00, said judgment being based upon Plaintiff's Second Claim For Relief, Deceit Based On Fraud, and Fourth Claim For Relief, Civil Theft pursuant to C.R.S. § 18-4-401.

The instant case is distinguishable from those cases, such as In re *Riggle,* and In re *Sukut,* in which a court refused to provide preclusive effect to a default judgment on the issue of non-dischargeability. In neither of these cases was there evidence that the debtor had engaged in a "meaningful assessment" of the facts and made a "conscious choice" not to contest the entry of judgment; in the instant case, by contrast, Debtors, after retaining counsel and successfully setting aside the default judgment entered against them, <u>agreed</u> to the entry of a fraud-based judgment against them at the conclusion of a settlement conference at which they were represented by counsel. Accordingly, it is clear that the "actually litigated" requirement of the *Bebo* test has been satisfied.

### 2. Debtors Had A Full And Fair Opportunity To Litigate The Issue in the State Action

On the basis of the analysis set forth above, it is clear that the first three of the four

required elements for application of collateral estoppel under Colorado law have been met. Plaintiff respectfully submits that Debtors had a full and fair opportunity to litigate the issue in the State Action, thus satisfying the fourth requirement for issue preclusion under Colorado law.

As reflected in the Lexis Case History Search relating to the underlying State Action, approximately two and one half years transpired between the filing of Plaintiff's First Amended Complaint in December of 2007 and the entry of the stipulated judgment in May of 2010. During that period of time, Debtors clearly had a "full and fair opportunity" to litigate the issue in the State Action. While the courts in *In re Sukut* and *In re Riggle, supra,* declined to give the underlying judgments at issue in those cases preclusive effect, the debtor in both of those cases essentially refused to participate in the underlying action. In the instant case, by contrast, Debtors took affirmative steps to protect their interests before stipulating to the entry of the May 14, 2010 judgment in the State Action. Indeed, the May 14, 2010 judgment was the second judgment entered against Debtors in the State Action. After the initial default judgment was entered against Debtors on April 30, 2009, Debtors directed their counsel to move to set aside the judgment and, by order dated August 3, 2009, the Court agreed to do so. Approximately three months before the scheduled trial date, Debtors, with the advice of counsel, elected to stipulate to the entry of a judgment against them. Some nine months transpired between the setting aside of the default judgment and the settlement conference which resulted in the stipulation; during that time, Debtors clearly engaged in a "meaningful assessment" of the facts and made a "conscious choice" not to contest the entry of a

judgment against them in an amount significantly less than the default judgment previously entered against them.

While the Tenth Circuit in *Nichols v. Board of County Commissioners,* 506 F. 3d 962 (10th Cir. 2007) declined to provide preclusive effect to a consent judgment, Plaintiff submits that *Nichols* is distinguishable on its facts. As a threshold matter, it should be noted that *Nichols* did not address the issue of nondischargeability in a bankruptcy proceeding. Moreover, and more importantly, the settlement at issue in *Nichols* was entered into by a third party and La Plata County, not the landowners who sought to have the settlement accorded preclusive effect. Thus, in *Nichols,* the court did not examine whether the parties to the stipulation engaged in a "meaningful assessment" of the facts and made a "conscious choice" not to contest the entry of judgment.

In conclusion, it is clear that, in the instant case, Debtors had a "full and fair opportunity" to litigate the issue in the State Action. Debtors successfully moved to have an earlier default judgment against them set aside, reflecting a clear intention to protect their interests in the litigation. Thus, the fourth and final requirement for issue preclusion under Colorado law has been satisfied.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully submits that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Debtors clearly engaged in a "meaningful assessment" of the facts and made a "conscious choice" to allow the judgment to enter against them in the State Action. Inasmuch as the

11

requirements for issue preclusion under Colorado law have been met Plaintiff is entitled

to an order pursuant to FRCP 56 declaring that Plaintiff's claims are exempt from

discharge under  11 U.S.C. Section 523(a)(2) and (a)(4).

WHEREFORE, Plaintiff respectfully moves the Court for an order pursuant

to FRCP 56 declaring that her claims are exempt from discharge pursuant to 11 U.S.C.

Section 523(a)(2) and (a)(4).

Respectfully submitted this 15th day of August, 2011.

MURRAY & DAMSCHEN, P.C.

s/Terrence P. Murray
**Terrence P. Murray, Esq.**
CO Bar No. 16127
**Darrell D. B. Damschen, Esq.**
CO Bar No. 23146
MURRAY & DAMSCHEN, P.C.
1536 Cole Blvd., Suite 335
Lakewood, CO 80401
Telephone: (303)274-7752
Fax: (303)274-7942
E-Mail: Terry@madlawfirm.com
E-Mail: Darrell@madlawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document by transmitting a true copy thereof via USPS to the following on this 15th day of August, 2011.

Kerri J. Atencio, Esq.
ROBERTS, LEVIN, ROSENBERG
1660 Wynkoop Street, Ste. 800
Denver, CO 80202
*Attorneys for Defendants*

Original signature Terrence P. Murray
<u>on file at the law firm of Murray &</u>

Damschen, P.C.

Exhibit A

Click to Print

Printed on: Tuesday, August 09, 2011 13:50:59 MDT

## Case History Search
Search Created:
Tuesday, August 09, 2011 13:50:59 MDT

| Submitted By: | Court | Plaintiff | Defendant |
| --- | --- | --- | --- |

| | | | |
| --- | --- | --- | --- |
| **Court:** | CO Jefferson County District Court 1st JD | **Judge:** Oeffler, Lily | **File & Serve Live Date:** 7/20/2007 |
| **Division:** | 1 - Division 1 | **Case Number:** 2007CV2646 | **Document(s) Filed:** 69 |
| **Case Type:** | Fraud | **Case Name:** MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | **Date Range:** All |

1-39 of 39 transactions   << Prev Page 1 of 1 Next>>

| Transaction | ▼Date/Time | Option | Case Number Case Name | Authorizer Organization | Document Type | Document Title | Size |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 31118851 | 8/20/2010 4:00 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Not Available, Not Available- n/a | ICON ONLY: JTNH - TRIAL NOT HELD | Document filed in paper format--no additional information is available online | 0MB |
| 32277374 | 7/22/2010 7:47 AM MDT | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Pro Se, Pro Se- | Filing Other | Answers to interrogatories for Defendant Gary Hauck | 0.2MB |
| 32277027 | 7/22/2010 7:46 AM MDT | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Pro Se, Pro Se- | Filing Other | Answers to interrogatories for Defendant Brenda Hauck | 0.2MB |
| 31118850 | 5/14/2010 4:00 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Not Available, Not Available- n/a | Case Closed | Document filed in paper format--no additional information is available online | 0MB |
| 31118574 | 5/14/2010 11:36 AM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Lily Oeffler, CO Jefferson County District Court 1st JD | Order | So Ordered (Order for JUDGMENT) • Linked to (1) | 0.1MB |
| 31026360 | 5/10/2010 3:35 PM MDT | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Darrell D B Damschen, Murray & Damschen PC | Request Filed | REQUEST FOR ENTRY OF STIPULATED JUDGMENT | 0.1MB |
| | | | | | Filing Other | EXHIBIT A | 0.1MB |
| | | | | | Proposed Order | Order for JUDGMENT • Linked from (1) | 0.1MB |
| 29874182 | 3/4/2010 8:48 AM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Lily Oeffler, CO Jefferson County District Court 1st JD | Order | So Ordered (Order Granting Motion to Withdraw as Counsel) • Linked to (1) | 0.1MB |
| 29835049 | 3/2/2010 2:09 PM MST | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Darrell D B Damschen, Murray & Damschen PC | Certificate of Compliance with Rule 16 | CERTIFICATE OF COMPLIANCE WITH CRCP RULE 16 | 0.4MB |
| 29809871 | 3/1/2010 2:29 PM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Joyce M Bergmann, Frascona Joiner Goodman & Greenstein PC | Filing Other | Consent to Withdrawal of Attorney of Record | 0.1MB |
| 29655565 | | | 2007CV2646 MARTIN, | Joyce M Bergmann, | Motion to Withdraw | Motion to Withdraw as Counsel | 0.1MB |

| | Date/Time | Type | Case | Attorney | Category | Document | Size |
|---|---|---|---|---|---|---|---|
| | 2/19/2010 12:56 PM MST | File And Serve | STEPHANIE M vs. HAUCK, GARY D et al | Frascona Joiner Goodman & Greenstein PC | Proposed Order | Order Granting Motion to Withdraw as Counsel  • Linked from (1) | 0.1MB |
| 29232077 | 1/26/2010 4:24 PM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Joyce M Bergmann, Frascona Joiner Goodman & Greenstein PC | Disclosure Certificate / Filing Other | Defendants' Initial Disclosures Pursuant to CRCP 26a1 / Exhibit A to Defendants' Initial Discllosures Pursuant to CRCP 26a1 | 0.1MB / 0.1MB |
| 28472930 | 12/11/2009 1:22 PM MST | Serve Only - Public | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Darrell D B Damschen, Murray & Damschen PC | Disclosure Certificate | PLAINTIFF'S FIRST SUPPLEMENT TO RULE 26(A)(1) DISCLOSURES | 0.1MB |
| 28386200 | 12/7/2009 3:48 PM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Lily Oeffler, CO Jefferson County District Court 1st JD | Order | Mediation Order. LWO | 0.1MB |
| 28371898 | 12/7/2009 10:02 AM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Darrell D B Damschen, Murray & Damschen PC | Notice Filed | NOTICE OF FIVE (5) DAY JURY TRIAL BEGINNING AUGUST 16, 2010 at 8:30am | 0.1MB |
| 28116757 | 11/18/2009 4:00 PM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Not Available, Not Available- n/a | Reopen for Post Judgment | Document filed in paper format- no additional information is available online | 0MB |
| 28117774 | 11/18/2009 4:00 PM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Not Available, Not Available- n/a | Minute Order (No Print) | Document filed in paper format -no additional information is available online | 0MB |
| 28105572 | 11/18/2009 11:37 AM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Darrell D B Damschen, Murray & Damschen PC | Disclosure Certificate | PLAINTIFF'S INITIAL RULE 26 (A)(1) DISCLOSURES | 0.1MB |
| 27985300 | 11/10/2009 3:14 PM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Darrell D B Damschen, Murray & Damschen PC | Notice Filed | NOTICE OF SETTING FOR FIVE (5) DAY JURY TRIAL on November 18, 2009 at 10am | 0.5MB |
| 26568209 | 8/12/2009 4:38 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Joyce M Bergmann, Frascona Joiner Goodman & Greenstein PC | Answer | Answer (pd. $158 for answer fee) | 0.2MB |
| 26408885 | 8/3/2009 2:49 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Lily Oeffler, CO Jefferson County District Court 1st JD | Order | Granted w/ Comments (Order Granting Motion Pursuant to Rule 60(b), C.R.C.P. to Vacate Judgment and Set Aside Default Judgment)  • Linked to (1) | 0.1MB |
| 26380724 | 7/31/2009 11:21 AM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Terrence P Murray, Murray & Damschen PC | Response / Filing Other / Filing Other / Filing Other | RESPONSE TO MOTION TO VACATE JUDGMENT AND SET ASIDE DEFAULT JUDGMENT / EXHIBITS A-C / EXHIBITS D-G / EXHIBIT H | 0.8MB / 0.3MB / 0.2MB / 0.7MB |
| 26343937 | 7/29/2009 2:01 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M | Joyce M Bergmann, Frascona Joiner | Response | Judgment Debtor Brenda Hauck's Responses to Judgment Creditor's First Set of Rule 69 Interrogatories | 0.1MB |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | vs. HAUCK, GARY D et al | Goodman & Greenstein PC | Response | Judgment Debtor Gary Hauck's Responses to Judgment Creditor's First Set of Rule 69 Interrogatories | 0.1MB |
| 26126318 | 7/15/2009 3:01 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Joyce M Bergmann, Frascona Joiner Goodman & Greenstein PC | Filing Other | Exhibit C to Motion Pursuant to Rule 60(b), C.R.C.P. to Vacate the Judgment and to Set Aside Default Judgment | 0.1MB |
| 26107086 | 7/14/2009 4:11 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Joyce M Bergmann, Frascona Joiner Goodman & Greenstein PC | Motion | Motion Pursuant to Rule 60(b), C.R.C.P. to Vacate the Judgment and to Set Aside Default Judgment | 0.2MB |
| | | | | | Filing Other | Exhibit A to Motion | 0.4MB |
| | | | | | Filing Other | Exhibit B to Motion | 0.2MB |
| | | | | | Filing Other | Exhibit D to Motion | 0.1MB |
| | | | | | Filing Other | Exhibit E to Motion | 0.1MB |
| | | | | | Filing Other | Exhibit F | 0.1MB |
| | | | | | Filing Other | Exhibit G to Motion | 0.1MB |
| | | | | | Proposed Order | Order Granting Motion Pursuant to Rule 60(b), C.R.C.P. to Vacate Judgment and Set Aside Default Judgment<br>• Linked from (1) | 0.1MB |
| 24953156 | 4/30/2009 6:00 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Not Available, Not Available-n/a | Case Closed | Document filed in paper format--no additional information is available online | 0MB |
| 24953005 | 4/30/2009 10:35 AM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Lily Oeffler, CO Jefferson County District Court 1st JD | Order | Grant (ORDER AND JUDGMENT)<br>• Linked to (1) | 0.1MB |
| 24384590 | 3/25/2009 4:28 PM MDT | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Terrence P Murray, Murray & Damschen PC | Motion for default judgment | MOTION FOR ENTRY OF DEFAULT JUDGMENT | 0.1MB |
| | | | | | Filing Other | AFFIDAVIT OF STEPHANIE M. MARTIN | 0.1MB |
| | | | | | Filing Other | AFFIDAVIT OF TERRENCE P. MURRAY WITH EXHIBIT | 0.5MB |
| | | | | | Filing Other | EXHIBIT B TO MOTION FOR ENTRY OF DEFAULT JUDGMENT | 0.6MB |
| | | | | | Proposed Order | ORDER AND JUDGMENT<br>• Linked from (1) | 0.1MB |
| | | | | | Filing Other | EXHIBIT A TO AFFIDAVIT OF STEPHANIE M. MARTIN | 0.4MB |
| | | | | | Filing Other | EXHIBIT B TO AFFIDAVIT OF STEPHANIE M. MARTIN | 0.8MB |
| | | | | | Filing Other | EXHIBIT C TO AFFIDAVIT OF STEPHANIE M. MARTIN | 0.1MB |
| 23980463 | 2/27/2009 11:14 AM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Lily Oeffler, CO Jefferson County District Court 1st JD | Order | Order Granting 30 Day Extension | 0.1MB |
| 23918820 | 2/24/2009 12:20 PM MST | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Darrell D B Damschen, Murray & Damschen PC | Response | RESPONSE TO ORDER TO SHOW CAUSE | 0.2MB |
| 23539014 | 1/29/2009 5:18 PM MST | File And Serve | 2007CV2646 MARTIN, STEPHANIE M | Lily Oeffler, CO Jefferson County | Order | Notice of Dismissal for Failure to Prosecute--lwo 1-29-09 | 0.1MB |

| | | | vs. HAUCK, GARY D et al | District Court 1st JD | | | |
|---|---|---|---|---|---|---|---|
| 20518648 | 7/3/2008 3:49 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Lily Oeffler, CO Jefferson County District Court 1st JD | Order | Order Granted with Amendments re: motion for entry of default; Default is hereby entered in favor of Plaintiff pursuant to C.R.C.P. 55 (a). Rather than hold a hearing to establish damages, Plaintiff must establish damages through affidavits and follow the procedures set forth in C.R.C.P. 121 1-14. -- lwo 07/03/08<br>• Linked to (1) | 0.1MB |
| 18886143 | 3/6/2008 2:12 PM MST | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Terrence P Murray, Murray & Damschen PC | Motion for default judgment | Motion for entry of default | 0.1MB |
| | | | | | Proposed Order | Order re: motion for entry of default<br>• Linked from (1) | 0.1MB |
| | | | | | Filing Other | Affidavit of Terrence P Murray Esq - Exhibit A to Motion for Entry of Default | 0.1MB |
| 18885777 | 3/6/2008 2:05 PM MST | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Terrence P Murray, Murray & Damschen PC | Summons Issued | Summons issued to Gary D Hauck | 0.1MB |
| | | | | | Return of Service | Affidavit of service for summons and first amended complaint and jury demand was given to Joel Hauck personally for Gary D Hauck on 12-22-2007 | 0.1MB |
| | | | | | Summons Issued | Summons issued to Brenda K Hauck | 0.1MB |
| | | | | | Return of Service | Affidavit of service for summons and first amended complaint and jury demand was given to Joel Hauck personally for Brenda K Hauck on 12-22-2007 | 0.1MB |
| 17764413 | 12/21/2007 11:44 AM MST | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Terrence P Murray, Murray & Damschen PC | Complaint - Amended | First amended complaint and jury demand (with exhibit A Attached separately) | 0.1MB |
| | | | | | Filing Other | Exhibit A to First Amended Complaint and Jury Demand | 0.1MB |
| 17655654 | 12/13/2007 2:49 PM MST | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Terrence P Murray, Murray & Damschen PC | Report | Status report | 0.1MB |
| 17037814 | 11/13/2007 2:11 PM MST | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Terrence P Murray, Murray & Damschen PC | Report | Status report | 0.1MB |
| 16676726 | 10/15/2007 6:00 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Not Available, Not Available-n/a | Minute Order (Print) | Document filed in paper format--no additional information is available online | 0MB |
| 16440408 | 9/25/2007 2:32 PM MDT | File And Serve | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Lily Oeffler, CO Jefferson County District Court 1st JD | Order | Order for status; The Court orders parties to select a date to appear for a status conference; Plaintiff's counsel is to contact the Division One Clerk at (303) 271-6110 within 5 days of this order. ----lwo | 0.1MB |
| 15657470 | | | | | | Complaint and jury demand | 0.1MB |

| 7/20/2007 1:42 PM MDT | File Only | 2007CV2646 MARTIN, STEPHANIE M vs. HAUCK, GARY D et al | Terrence P Murray, Murray & Damschen PC | Complaint and Jury Demand | | |
|---|---|---|---|---|---|---|
| | | | | Filing Other | Exhibit A to Complaint and jury demand | 0.1MB |
| | | | | Civil Case Cover Sheet | Civil Cover Sheet | 0.1MB |

1-39 of 39 transactions   <<Prev **Page 1 of 1** Next>>

Exhibit B

<table>
<tr><td>

DISTRICT COURT, JEFFERSON COUNTY, COLORADO

100 Jefferson County Parkway
Golden, CO 80401-6002
(303) 271-6110

---

**Plaintiff:**
STEPHANIE M. MARTIN
**v.**
**Defendants:**
GARY D. HAUCK and BRENDA K. HAUCK

---

Terrence P. Murray, #16127
Darrell D. B. Damschen, #23146
Murray & Damschen, P.C.
Denver West Office Park
1536 Cole Boulevard, Building No. 4, Suite 335
Lakewood, Colorado 80401
Phone: 303-274-7752    Fax: 303-274-7942
Terry@madlawfirm.com

</td><td>

▲ **COURT USE ONLY** ▲

---

Case Number: 07-CV-2646

Div: 1

</td></tr>
</table>

## FIRST AMENDED COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Stephanie M. Martin, by and through undersigned counsel, Murray & Damschen, P.C., and for her First Amended Complaint against the above-named Defendants states and alleges as follows:

### PARTIES AND VENUE

1.     Plaintiff is an individual who resides at 5821 West 7th Avenue, Lakewood, Colorado.

2.     Defendants are individuals who reside at 2733 South Salida Street, Aurora, Colorado. At all times material hereto, Defendants were licensed real estate brokers in the State of Colorado and were legally married.

3.     Venue is proper in the District Court of Jefferson County, Colorado in that the real property which is the subject of this action is located in Jefferson County.

### GENERAL ALLEGATIONS

4.     Prior to October 2, 2006, Plaintiff was the owner of record of two parcels of real property, including a single-family home, known by street and number as 5821 West 7th Avenue, Lakewood, Colorado ("the Property"). A legal description of the Property is attached hereto as

Exhibit A.

5.      In 2006, Plaintiff, who is sixty years old and makes approximately $27,000.00 per year working at Target, was experiencing difficulties making payments on her adjustable rate mortgage on the Property which had risen to approximately $2400 per month. Plaintiff discussed her situation with Defendants, who stated to her that she likely could not qualify for a mortgage loan from a traditional lender but instead would likely have to obtain a loan from a "non-traditional" lender who might charge loan fees as high as $40,000.00. Defendants proposed that they "help" Plaintiff by purchasing the Property from her utilizing financing obtained by them, with Plaintiff being granted an opportunity to rent the Property from Defendants and repurchase the Property at a later date when Plaintiff could herself qualify for a mortgage in her own name. In exchange for assisting Plaintiff in this fashion, Defendants told Plaintiff that they would agree to charge her a "fee" of $20,000.00. Defendants also suggested that, in exchange for their assistance, Plaintiff give them her late husband's boat; Plaintiff agreed to these requests.

6.      Prior to entering into any contract with Defendants, Plaintiff indicated to them that her daughter was willing to assist her in obtaining a more favorable mortgage on the Property by co-signing on a loan. Defendants told Plaintiffs that Plaintiff's daughter could not do so because she did not reside in Colorado. Plaintiff relied upon the information provided to her by Defendants and, therefore, did not pursue refinancing the Property at a lower fixed interest rate with the assistance of her daughter.

7.      In September of 2006, Plaintiff entered into a contract with Defendant Gary D. Hauck for the sale of the Property. The contract provided for a purchase price of $430,000.00 and obligated Plaintiff to pay all closing costs up to $12,000.00. Defendant Gary Hauck, who prepared the contract, properly disclosed in paragraph 24 that he was a licensed real estate broker but also inserted a statement that the Property "was for sale by Owner," which was not true as Plaintiff had repeatedly advised Defendants that she did not want to sell the Property and had agreed to convey title to the Property to Defendants only on the condition that she be provided an opportunity to repurchase the Property from them once her financial condition improved.  The contract also stated that Plaintiff had agreed to provide $138,000.00 in financing secured by a promissory note ("the Note") and second deed of trust ("the Deed of Trust"). The Note was to have a term of forty years and provide for interest at only four percent, terms which were clearly favorable to Defendant Gary Hauck.

8.      Closing on the sale of the Property was held on October 3, 2006. The settlement statement prepared prior to closing reflected that the buyers, who now included Defendant Brenda K. Hauck, had obtained a new loan in the amount of $292,000.00 from Mortgage Lenders Network USA, Inc. of Middletown, Connecticut. The settlement statement also reflected the second mortgage to be carried by Plaintiff in the amount of $138,000.00.

9.      The $292,000.00 in financing obtained by Defendants was in the form of an adjustable rate mortgage with an initial rate of 8.6% with a monthly payment starting at

2

$2,584.76, an amount greater than Plaintiff's previous mortgage payment.

10.     Defendants took title to the Property by way of a warranty deed dated October 2, 2006. At all times prior to closing, Defendants, who had a confidential relationship with Plaintiff, verbally assured Plaintiff that she remained the "true" owner of the Property and that, in the event Plaintiff's financial condition failed to improve, Defendants had agreed to sell the Property and pay Plaintiff the net proceeds of the sale less the $20,000 "fee." This "understanding" was never reduced to writing by Defendants.

11.     In response to Plaintiff's request that she be permitted to remain on the Property and her stated intention to repurchase the Property from Defendants, Defendants prepared a Residential Rental/Lease Agreement ("Lease") dated October 3, 2006. In connection with the leasing of the Property to Plaintiff, Plaintiff's elderly mother, who received $520.00 per month in housing assistance from the City of Lakewood, executed a document directing that such payments be made directly to Defendants. The Lease prepared by Defendants called for monthly payments of $2,064.76, an amount representing the difference between Defendants' monthly payment on the first mortgage obtained by the them and the $520.00 in housing assistance provided to Plaintiff's mother by the City of Lakewood.

12.     The Lease prepared by Defendants was never signed by the parties. Defendant Gary Hauck has previously and falsely told Plaintiff that he has a "signed copy" of the Lease. Notwithstanding this fact, Plaintiff has made all of the payments called for in the Lease; in doing so, however, Plaintiff has depleted all of her savings, including her 401(k) account, and essentially survives on several hundred dollars a month.

13.     In early 2007, Plaintiff discovered that she could no longer take her mortgage interest deduction, a ramification of the sale that was not explained to her by Defendants. As a result, Plaintiff had insufficient funds to pay her tax liability, and currently owes the IRS more than $1,000.00.

14.     Immediately after closing, Defendants instructed Plaintiff to sign the $138,000.00 Note executed by Defendant Gary Hauck "paid in full." When Plaintiff questioned why she should do so, Defendants told her that it "had to be done," but assured her that the Property was still hers. While the Note includes an October 4, 2006 date next to Plaintiff's signature, Plaintiff signed the note on October 3; Plaintiff was told by Defendants that the signature had to be dated in this fashion "to make it look right." While the Note contains a notary's stamp next to Plaintiff's signature, the stamp does not indicate the date on which the document was signed. Plaintiff has no recollection of a notary being present at the time she signed the Note. At no time prior to October 4, 2006, had Defendants told Plaintiff that she would be required to sign the Note "paid in full" immediately after closing, and Defendant Gary Hauck made no payments on the Note. By exerting undue influence upon Plaintiff to sign the Note in this fashion, Defendants knowingly and willingly obtained, by false pretenses, Plaintiff's significant equity in the Property.

3

15.     Defendant Brenda Hauck had also prepared an "addendum" to the Lease which purported to provide Plaintiff an option to repurchase the Property at the end of the Lease term for $320,000.00. The term of the underlying Lease is itself ambiguous; while the Lease, in paragraph (2), states that it is for a period of "one year," it also states that its term will end on October 31, 2008, with this date apparently changed and initialed by the parties. As alleged above, the Lease was not signed by any of the parties, while the "Addendum" which purports to provide Plaintiff a right to repurchase the Property was signed by Defendant Gary Hauck but not by Plaintiff or by Defendant Brenda Hauck, who is, along with Defendant Gary Hauck, an owner of record of the Property. On information and belief, Defendants knowingly and willingly failed to sign the Lease and Addendum with the intent to deny Plaintiff a right to repurchase the Property consistent with the earlier verbal discussions between the parties.

16.     By themselves obtaining an adjustable rate mortgage with an unfavorable initial interest rate of 8.6% and utilizing this monthly loan payment amount ($2,584.76) as a basis for Plaintiff's monthly lease payment, Defendants have knowingly and willingly placed Plaintiff in a financial position where she cannot afford to repurchase the Property. To avoid defaulting under the terms of the Lease, Plaintiff has been forced to take in renters who pay $900.00 per month; these renters occupy the majority of the Property.

17.     On July 3, 2007, Plaintiff telephoned Defendant Gary Hauck to request that the parties prepare and execute documents confirming Plaintiff's understanding of the nature of the "sale" of the Property; Defendant Gary Hauck stated that he was prepared to "straighten things out" but that Plaintiff's signature was required on a "document" which, according to Defendant Gary Hauck, she had inadvertently not been requested to sign at closing. Upon advising Defendant Gary Hauck upon his arrival at the Property that she should not sign any document presented to her by Defendants without having the document reviewed by her legal counsel, Defendant Gary Hauck became enraged and, as he left the Property, threatened Plaintiff with a statement to the effect that she had no choice but to sign the document no later than noon the following day and that, if she continued in her refusal to do so, Defendants would refuse to make payment on the mortgage obtained by them and would allow the Property to go into foreclosure or would sell the Property and retain any profit from the sale.

18.     The document which Defendant Gary Hauck had demanded Plaintiff to execute was a release of the deed of trust previously executed by Defendant Gary Hauck relating to the $138,000.00 promissory note upon which Plaintiff, as instructed by Defendants, had signed next to the words "paid in full." While Defendants had previously provided Plaintiff with documentation that they were current on the underlying mortgage obtained by them, they had stopped doing so.

19.     Plaintiff suffered extreme emotional distress as a result of Defendants' conduct, and her mother was so distraught that she was taken to the emergency room for treatment. Defendant Brenda Hauck was also verbally abusive to Plaintiff, telephoning Plaintiff and telling

her that she was "nothing more than a tenant." Defendant Brenda Hauck also stated to Plaintiff that contrary to Plaintiff's understanding, Defendants would insist upon a "fee" of $20,000.00 every year in exchange for their "help."

20.     At the time of the transfer of title to the Property to Defendants, the Property had a fair market value of approximately $435,000.00; Plaintiff owed approximately $254,000.00 to the first mortgage holder; and Plaintiff's equity in the Property was approximately $180,000.00. Subsequently to the date Defendants fraudulently obtained title to the Property, Plaintiff and her mother have collectively been required to pay approximately $39,000.00 in rent to Defendants.

21.     At some point in late 2007, Defendants failed to make one or more mortgage payments relating to the Property which they were obligated to make to their lender. Defendants failed to make such payments notwithstanding the fact that Plaintiff was current on her rental payments to Defendants and with the intent to cause extreme emotional distress to Plaintiff. As a result of Defendants' failure to make the required payments to their lender, the lender initiated foreclosure proceedings against the Property in December of 2007. The commencement of such foreclosure proceedings has caused extreme emotional distress to Plaintiff.

22.     Defendants, and each of them, knowingly and wrongfully intended to deprive Plaintiff of her title to, and equity in, the Property by, among other things:

    A.     stating to Plaintiff that she should convey title to the Property to them under the guise of "helping" Plaintiff when they fully intended to retain title to the Property for the purpose of selling or further encumbering the Property for their own personal financial gain;

    B.     by exerting undue influence upon Plaintiff to sign the Note payable to Defendant Gary Hauck "paid in full" when Plaintiff had in fact not previously agreed to do so;

    C.     by obtaining a mortgage in their name at an excessive rate of interest and utilizing the amount of the monthly payment thereof as a basis for calculating Plaintiff's monthly payment under the terms of the Lease so as to render it impossible for Plaintiff to repurchase the Property;

    D.     by failing to execute the Lease and Addendum with the intent to deny Plaintiff an enforceable right to repurchase the Property; and

    E.     by exerting undue influence upon Plaintiff in an attempt to obtain Plaintiff's signature on the release of deed of trust relating to the Note executed by Defendant Gary Hauck.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Extreme and Outrageous Conduct)

23.     Plaintiff incorporates the allegations contained in paragraphs 1 through 22 above.

24.     Defendants, and each of them, engaged in extreme and outrageous conduct.

25.     Defendants, and each of them, did so recklessly or with the intent of causing Plaintiff severe emotional distress.

26.     Defendants' conduct caused Plaintiff extreme emotional distress.

### SECOND CLAIM FOR RELIEF
### (Deceit Based on Fraud)

27.      Plaintiff incorporates the allegations contained in paragraphs 1 through 26 above.

28.     Defendants, and each of them, made a representation of a past or present fact(s).

29.     The fact(s) was material.

30.     At the time the representation(s) was made, Defendants, and each of them, knew the representation was false.

31.     Defendants made the representation(s) with the intent that Plaintiff would rely on the representation(s).

32.     Plaintiff relied upon the representation(s).

33.     Plaintiff's reliance was justified.

34.     Such reliance has caused injuries and damages to Plaintiff.

### THIRD CLAIM FOR RELIEF
### (Civil Conspiracy)

35.     Plaintiff incorporates the allegations contained in paragraphs 1 through 34 above.

36.     Defendants agreed, by words or conduct, to accomplish an unlawful goal, or accomplish a goal through unlawful means.

6

37.     One or more unlawful acts were performed to accomplish the goal, or one or more acts were performed to accomplish the unlawful goal.

38.     Plaintiff has suffered injuries and damages.

39.     Plaintiff's injuries and damages were caused by the acts performed to accomplish the goal.

## FOURTH CLAIM FOR RELIEF
### (Civil Theft - C.R.S. §18-4-401)

40.     Plaintiff incorporates the allegations contained in paragraphs 1 through 39 above.

41.     Defendants, and each of them, knowingly obtained title to, and exercised control over, the Property and Plaintiff's equity in the Property by deception, and intended to permanently deprive Plaintiff of the use or benefit of the Property and Plaintiff's equity in the Property.

42.     Pursuant to C.R.S. §18-4-405, Plaintiff is entitled to recover from Defendants three times her actual damages, costs of this action, and reasonable attorney fees.

## FIFTH CLAIM FOR RELIEF
### (Constructive Trust)

43.     Plaintiff incorporates the allegations contained in paragraphs 1 through 42 above.

44.     Defendants had a confidential relationship with Plaintiff.

45.     Defendants abused their confidential relationship with Plaintiffs.

46.     Defendants acquired title to the Property under such circumstances that Defendants may not in good conscience retain their beneficial interest in the Property.

47.     Plaintiff is entitled under equitable principles to the imposition of a constructive trust on the Property.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants, jointly and severally, as follows:

1.     For imposition of a constructive trust on the Property;

2.     For compensatory damages in an amount to be proven at trial;

3.      For treble damages pursuant to C.R.S. §18-4-405;

4.      For interest as permitted by law;

5.      For attorney fees and costs;

6.      For such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted this 21st day of December, 2007.

MURRAY & DAMSCHEN, P.C.

Original signature of Terrence P. Murray
By:   on file at the law firm of Murray & Damschen, P.C.
Terrence P. Murray, Esq.
Attorney for Plaintiff

Plaintiff's address:

58221 West 7th Ave.
Lakewood, CO 80214

8

PARCEL A

THAT PART OF THE EAST ONE HALF OF THE NORTHWEST ONE QUARTER OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE-QUARTER OF SECTION 1 TOWNSHIP 4 SOUTH, RANGE 69 WEST OF THE 6TH PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING 243.3 FEET SOUTH AND 75 FEET EAST OF THE NORTHWEST CORNER OF THE EAST ONE HALF OF THE NORTHWEST ONE QUARTER OF SECTION 1, TOWNSHIP 4 SOUTH, RANGE 69 WEST, RUNNING THENCE EAST, PARALLEL WITH THE NORTH LINE OF SAID NORTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER 93.8 FEET MORE OR LESS TO A POINT 163 FEET WEST OF THE EAST LINE OF THE SOUTHWEST ONE QUARTER OF SAID SECTION 1, SAID POINT BEING THE TRUE POINT OF BEGINNING, THENCE NORTH, PARALLEL WITH SAID EAST LINE AND 163 FEET WESTERLY THEREFROM 18.3 FEET, MORE OR LESS, TO THE SOUTHWEST CORNER OF THE NORTH 225 FEET OF THE WEST 75 FEET OF THE EAST 163 FEET OF THE NORTHWEST ONE QUARTER OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER OF SECTION 1, TOWNSHIP 4 SOUTH, RANGE 69 WEST, THENCE EAST PARALLEL WITH THE NORTH LINE OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER OF SAID SECTION, 75 FEET TO THE WEST LINE OF THE EAST 88 FEET OF THE NORTHWEST ONE QUARTER OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER OF SECTION 1, THENCE SOUTH ALONG SAID WEST LINE 140.2 FEET MORE OR LESS TO THE NORTH LINE OF WEST SEVENTH PLACE AS ESTABLISHED BY DOCUMENT RECORDED OCTOBER 2, 1956 IN BOOK 1022 AT PAGE 23 OF THE JEFFERSON COUNTY RECORDS, THENCE WEST ALONG SAID NORTH LINE 75 FEET, THENCE NORTH 121.9 FEET MORE OR LESS, TO THE TRUE POINT OF BEGINNING, COUNTY OF JEFFERSON, STATE OF COLORADO.

PARCEL B

THAT PART OF THE EAST ONE HALF OF THE NORTHWEST ONE QUARTER OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER OF SECTION 1, TOWNSHIP 4 SOUTH, RANGE 69 WEST OF THE 6TH PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTH LINE OF THE NORTH ONE HALF OF THE SOUTHEAST ONE QUARTER OF THE NORTHWEST ONE QUARTER OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER OF SAID SECTION 1, 495.1 FEET MORE OR LESS SOUTH AND 75 FEET EAST OF THE NORTHWEST CORNER OF THE EAST ONE HALF OF THE NORTHWEST ONE QUARTER OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER OF SECTION 1, RUNNING THENCE EASTERLY ALONG SAID SOUTH LINE 169.9 FEET MORE OR LESS TO A POINT ON THE WEST LINE OF THE EAST 88 FEET OF THE NORTHWEST ONE QUARTER OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER THAT LIES 495.2 FEET MORE OR LESS SOUTH OF THE NORTH LINE OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER OF SAID SECTION; THENCE NORTH, PARALLEL WITH THE EAST LINE OF THE NORTHWEST ONE QUARTER OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER AND 88 FEET WESTERLY THEREFROM 80 FEET MORE OR LESS TO THE SOUTH LINE OF WEST SEVENTH PLACE AS ESTABLISHED BY DOCUMENT RECORDED OCTOBER 2, 1956 IN BOOK 1022 AT PAGE 23 OF THE JEFFERSON COUNTY RECORDS, THENCE WEST ALONG SAID SOUTH LINE 101.17 FEET; THENCE NORTHWESTERLY ON A DEFECTING ANGLE OF 23 DEGREES TO THE RIGHT 71.51 FEET MORE OR LESS TO THE EAST LINE OF THE WEST 75 FEET OF THE EAST ONE HALF OF THE NORTHWEST ONE QUARTER OF THE SOUTHWEST ONE QUARTER OF THE SOUTHEAST ONE QUARTER OF SAID SECTION; THENCE SOUTH, ALONG SAID EAST LINE 110 FEET MORE OR LESS TO THE POINT OF BEGINNING, COUNTY OF JEFFERSON, STATE OF COLORADO

as known by street and number as: 5821 West 7th Avenue, Lakewood, CO 80215

EXHIBIT
A

# LexisNexis File & Serve Transaction Receipt

| | |
|---|---|
| **Transaction ID:** | 17764413 |
| **Submitted by:** | Darrell Damschen, Murray & Damschen PC |
| **Authorized by:** | Terrence P Murray, Murray & Damschen PC |
| **Authorize and file on:** | Dec 21 2007 11:44AM MST |

| | |
|---|---|
| **Court:** | CO Jefferson County District Court 1st JD |
| **Division/Courtroom:** | 1 - Division 1 |
| **Case Class:** | Civil |
| **Case Type:** | Fraud |
| **Case Number:** | 2007cv2646 |
| **Case Name:** | Martin vs Hauck |

| | |
|---|---|
| **Transaction Option:** | File Only |
| **Billing Reference:** | S. Martin |

**Documents List**
**2 Document(s)**

**Attached Document, 8 Pages   Document ID: 12689728**                  PDF Format  |  Original Format

| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Complaint - Amended | Public | $0.00 | |

**Document title:**
First amended complaint and jury demand

**Attached Document, 1 Pages   Document ID: 12689851**                  PDF Format  |  Original Format
Related Document ID: 12689728

| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
|---|---|---|---|
| Filing Other | Public | $0.00 | |

**Document title:**
Exhibit A to First Amended Complaint and Jury Demand

Close All

⊟ **Sending Parties (1)**

| **Party** | **Party Type** | **Attorney** | **Firm** | **Attorney Type** |
|---|---|---|---|---|
| Martin, Stephanie M | Plaintiff | Murray, Terrence P | Murray & Damschen PC | Privately Retained Attorney |

⊟ **Recipients (0)**

⊟ Service List (0)

**Delivery Option Party Party Type Attorney Firm Attorney Type Method**
No selections made.

⊟ Additional Recipients (0)

⊟ **Case Parties**

| **Party** | **Party Type** | **Attorney** | **Firm** | **Attorney Type** |
|---|---|---|---|---|
| Hauck, Brenda K | Defendant | Pro Se | Pro Se- | N/A |
| Hauck, Gary D | Defendant | Pro Se | Pro Se- | N/A |
| Martin, Stephanie M | Plaintiff | Murray, Terrence P | Murray & Damschen PC | Privately Retained Attorney |
| NULL | N/A | Oeffler, Lily | CO Jefferson County District Court 1st JD | Primary Judge |

Exhibit C



| GRANTED | The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order. | *Lily W Oeffler* |
|---|---|---|

**Lily W. Oeffler**
**Jefferson District Court Judge**
DATE OF ORDER INDICATED ON ATTACHMENT

---

DISTRICT COURT, JEFFERSON COUNTY,
COLORADO
100 Jefferson County Parkway
Golden, CO 80401-6002
(303) 271-6110

**Plaintiff:**
STEPHANIE M. MARTIN
v.
**Defendants:**
GARY D. HAUCK and BRENDA K. HAUCK

Terrence P. Murray, #16127
Darrell D. B. Damschen, #23146
Murray & Damschen, P.C.
Denver West Office Park
1536 Cole Boulevard, Building No. 4, Suite 335
Lakewood, Colorado 80401
Phone: 303-274-7752    Fax: 303-274-7942
Terry@madlawfirm.com

▲ **COURT USE ONLY** ▲

Case Number: 07-CV-2646

Div: 1

---

### [PROPOSED] ORDER AND JUDGMENT

This matter comes before the Court on Plaintiff's Motion for Entry of Default Judgment. The Court, having considered Plaintiff's Motion and supporting Affidavits, hereby GRANTS said Motion and enters judgment, jointly and severally, against Defendants Gary D. Hauck and Brenda K. Hauck and in favor of Plaintiff Stephanie M. Martin in the total amount of $516,520.30, said sum representing the following: $152,298.57 for sums converted by theft plus prejudgment interest thereon in the amount of $32,078.43; for additional statutory damages in the amount of $304,597.14 pursuant to C.R.S. § 18-4-405 (as amended); and for attorney fees and costs in the amount of $26,775.75 and $770.41, respectively.

Plaintiff shall set a hearing on Plaintiff's claim for noneconomic damages.

DONE this 25th day of March, 2009.

_____
District Court Judge

3/25/09

This document constitutes a ruling of the court and should be treated as such

|  |  |
|---|---|
| **Court:** | CO Jefferson County District Court 1st JD |
| **Judge:** | Lily Oeffler |
| **Alternate Judge:** | Unassigned |
| **File & Serve Transaction ID:** | 24384590 |
| **Current Date:** | Apr 30, 2009 |
| **Case Number:** | 2007CV2646 |
| **Case Name:** | MARTIN, STEPHANIE M vs. HAUCK, GARY D et al |
| **Court Authorizer:** | Lily Oeffler |

/s/ Judge Lily Oeffler

Exhibit D

☐ County Court   ☒ District Court

Jefferson County District Court
Case No. 07-CV-2646

Stephanie M. Martin
Plaintiff

vs.

Gary D. Hauck and Brenda K. Hauck
Defendant

△ COURT USE ONLY △

Case No. 07-CV-2646

Division _1_

## STIPULATION

The Parties agree as follows _Defendants stipulate to the entry of judgment against them, jointly and severally, in the amount of Two Hundred Thousand Dollars ($200,000.00) based on Deceit based on fraud (2nd Claim for Relief) and civil theft under C.R.S. §18-4-401 (4th Claim for Relief) as contained in Plaintiff's First Amended Complaint and Jury Demand filed in Civil Action No. 07-CV-2646 in the District Court of Jefferson County, Colorado. Defendants further agree to assign to Plaintiff any and all interest they have, or may have, in the proceeds of the pending foreclosure proceeding relating to the property which is the subject of said civil action. Said proceeds, if any, to be credited against the above-described judgment. The above caption_

Stephanie Martin
Plaintiff

_____
Defendant

Brenda K Hauck

Terra J Marca #16127
Attorney for Plaintiff

_____  #16780
Attorney for Defendant

Signed this _6_ day of _MAY_ 20_10_.

_____
Kim H. Goldberger, Mediator

_civil action is to be dismissed with prejudice, each party to pay its own attorney fees and costs._

Exhibit E



| SO ORDERED | The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order. | *Lily W Oeffler* |
|---|---|---|
| | | **Lily W. Oeffler**<br>**Jefferson District Court Judge**<br>DATE OF ORDER INDICATED ON ATTACHMENT |

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401-6002<br>(303) 271-6110 | |
| **Plaintiff:**<br>STEPHANIE M. MARTIN<br>v.<br>**Defendants:**<br>GARY D. HAUCK and BRENDA K. HAUCK | ▲ **COURT USE ONLY** ▲ |
| Terrence P. Murray, #16127<br>Darrell D. B. Damschen, #23146<br>Murray & Damschen, P.C.<br>Denver West Office Park<br>1536 Cole Boulevard, Building No. 4, Suite 335<br>Lakewood, Colorado 80401<br>Phone: 303-274-7752   Fax: 303-274-7942<br>Terry@madlawfirm.com | Case Number: 07-CV-2646<br><br>Div: 1 |

### JUDGMENT

This matter came before the Court on Plaintiff's Request for Entry of Stipulated Judgment. The Court, having reviewed the Parties' Stipulation, hereby enters judgment against Defendants Gary D. Hauck and Brenda K. Hauck, jointly and severally, and in favor of Plaintiff Stephanie M. Martin in the amount of $200,000.00, said entry of judgment being based upon Plaintiff's 2nd Claim for Relief, **Deceit Based on Fraud**, and 4th Claim for Relief, **Civil Theft pursuant to C.R.S. §18-4-401,** as stated in the Plaintiff's First Amended Complaint and Jury Demand, filed December 21, 2007.

DONE this _____ day of May, 2010, *nunc pro tunc*, May 6, 2010.


_____
District Court Judge

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Court:** | CO Jefferson County District Court 1st JD |
| **Judge:** | Lily Oeffler |
| **File & Serve Transaction ID:** | 31026360 |
| **Current Date:** | May 14, 2010 |
| **Case Number:** | 2007CV2646 |
| **Case Name:** | MARTIN, STEPHANIE M vs. HAUCK, GARY D et al |
| **Court Authorizer:** | Lily Oeffler |

/s/ **Judge Lily Oeffler**