## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Bankruptcy Judge Sid Brooks

| | |
|---|---|
| In re:<br><br>GARY DAVID HAUCK and<br>BRENDA KAY HAUCK,<br>Debtors.<br><br>Last four digits of SS#: 3149 and 0812<br><br>_____<br><br>STEPHANIE M. MARTIN,<br>Plaintiff,<br><br>v.<br><br>GARY DAVID HAUCK and<br>BRENDA KAY HAUCK,<br>Defendants. | Bankruptcy Case No.<br>10-30894-SBB<br>Chapter 7<br><br>FILED<br>BRADFORD L. BOLTON, CLERK<br>AUG 18<br>U.S. BANKRUPTCY COURT<br>DISTRICT OF COLORADO<br><br>Adversary Proceeding No.<br>10-01888-SBB |

## DEBTORS/DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.B.P. 7056 AND MEMORANDUM IN SUPPORT

Debtors/Defendants Gary D. Hauck and Brenda K. Hauck (collectively, the "Haucks"), by and through their attorney Kerri J. Atencio and Jeremy A. Sitcoff of the law firm of **ROBERTS LEVIN ROSENBERG PC**, respectfully request that the Court grant them judgment as a matter of law in their favor with respect to Creditor/Plaintiff Stephanie Martin's obligation to prove in the context of this adversary proceeding that the Haucks' debt to her is non-dischargeable, as set forth below.

## I.     INTRODUCTION AND BACKGROUND

As can be gleaned from the various filings in this Court, the Haucks have described being caught up in a real estate deal with Creditor/Plaintiff Stephanie Martin that went bad. For reasons that may never be fully appreciated, the Haucks' efforts to

help Ms. Martin get out of debt in 2006 and to keep her home from being foreclosed upon turned into an ugly dispute between long-time friends.  When the Haucks requested Ms. Martin sign the promissory note on the second deed of trust as being "paid-in-full," they intended to show the true state of affairs:  that the Haucks did not in fact owe Ms. Martin any money for the purchase of her home but instead were leasing it back to her in an amount that ensured they were not out of pocket any money for the monthly mortgage obligations that they incurred in obtaining the home loan.  In essence, Ms. Martin continued to make the mortgage payments for the home after the Haucks purchased it – the only difference was the Haucks were acting as a pass-through for those funds instead of Ms. Martin making them directly to a lender.

It appears that Ms. Martin saw the Haucks' actions as an attempt to strip her of any right that she would still have to the property in the event the Haucks tried to sell it from underneath her in breach of their lease agreement which gave Ms. Martin the right to repurchase at a date certain.  Ms. Martin subsequently filed suit in Jefferson County District Court, Case No. 2007-cv-2646 (the "Underlying Action") and asserted claims for Extreme and Outrageous Conduct, Deceit Based on Fraud, Civil Conspiracy, Civil Theft, and Constructive Trust.   The default judgment that Ms. Martin initially obtained was set aside upon motion of the Haucks, and then the parties agreed to mediate the case through the Hon. Kim H. Goldberger on May 6, 2010.

At the conclusion of the litigation, Ms. Martin had agreed to accept payment of $200,000 to resolve all outstanding claims against the Haucks.  Ms. Martin attempted to secure payment of that amount by insisting that it be entered into the court record for the Underlying Case as a stipulated judgment.   The Stipulation signed by the parties

indicated that the stipulated judgment would enter only on the deceit and civil theft counts. *See* Exhibit A. The remaining claims were to be dismissed with prejudice. *See* Exhibit B. The Stipulated Judgment reflecting the aforementioned terms was subsequently entered. *See* Exhibit C.

The Haucks have no memory of any part of the mediation including a discussion about judgment being entered on only the two fraud-based claims. Exhibit D, ¶ 4.[1] No one asked the Haucks to admit that they committed fraud against Ms. Martin or asked them to confess to the any of the facts alleged in Ms. Martin's complaints. Ex. D, ¶ 5. At no time did the Haucks relinquish their rights with respect to filing for the protections of the Bankruptcy Code. Ex. D, ¶ 6. Hence, neither the Stipulation nor the Stipulated Judgment recites any admission of liability on the part of the Haucks or reflects any other form of agreement that the Haucks would refrain from asking the bankruptcy court to discharge the debt created by the Stipulated Judgment. *See* Ex. A, C.

Thus the sole question that is placed before the Court is, what are the legal consequences of a settlement under these circumstances. *To wit*: does the pre-petition settlement of civil claims – not all of which are based on fraudulent conduct – through the entry of a stipulated judgment on the fraud-based claims result in the non-dischargability of that debt as a matter of law when there has been no admission of liability by the debtor. Or, rather, does the entry of a stipulated judgment on fraud-based claims in the absence of admitted liability for fraud preserve the right of the debtor to defend himself in an adversary proceeding in bankruptcy court in which a creditor seeks to prevent the debt from being dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

---

[1] A notarized copy of the Affidavit will be submitted on August 19, 2011.

## II.      L.B.R. 7056-1

**A.      (1) Statement of Burden of Proof.**

The issues of law raised in this motion and memorandum do not involve any party's burden of proving any claim, and thus this section appears to be unnecessary. However, as the party who appears to be asserting that collateral estoppel or *res judicata* operates to determine that the Haucks' debt is non-dischargeable under Section 523(a)(2), (4), or (6), such a burden ought to be placed on Ms. Martin. *See e.g., Bebo Const. Co. v. Mattox & O'Brien, P.C.,* 990 P.2d 78, 85 (Colo. 1999);

**B.      (2)      Elements Of The Claim(s) That Must Be Proved To Prevail.**

Resolution of the issues of law in this motion do not require proof of elements of any claim. To the extent the Court concludes that collateral estoppel (issue preclusion) or res judicata (claim preclusion) are "claims" at issue in this motion, the elements are as follows. For a claim in a second judicial proceeding to be barred by a previous judgment, there must be:     "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.,* 109 P.3d 604, 608 (Colo. 2005). Issue preclusion, on the other hand, applies when:  "'(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.'" *Park Lake Res. Ltd. Liab. V. U.S. Dept. of Agr.,* 378 F.3d 1132, 1136 (10th Cir. 2004) (citation omitted).

4

**3.      Undisputed Material Facts.**

To the extent that any of the following are relevant to the Court's determination of the legal issues addressed below, the Haucks contend they are undisputed or indisputable.

1.      A settlement of the Underlying Case occurred on May 6, 2010.

2.      The settlement was embodied in the Stipulation dated May 6, 2010 and which is attached as Exhibit A.

3.      Judgment was entered on the Stipulation by the Court on May 14, 2010 and a copy of the same is attached as Exhibit C.

4.      The Stipulation was drafted by Ms. Martin or her attorneys.

5.      Judge Kim H. Goldberger mediated the Underlying Case.

6.      The Haucks maintained at the mediation that they had not done anything wrong or fraudulent with respect to Ms. Martin but settled because they were told and believed they had no choice, they decided to settle.

7.      The Haucks have no recollection of being told by Judge Goldberger prior to signing the Stipulation that the settlement amount would be allocated to the claims asserted by Ms. Martin for "deceit based on fraud" and "civil theft."

8.      At no time did Judge Goldberger inform the Haucks that Ms. Martin wanted the judgment to be allocated to these two claims so that we would not be able to have the debt discharged in bankruptcy at some point in the future or that the effect of the allocation would be to preclude discharge.

9.      At no time during the mediation did the Haucks agree to admit to any liability to Ms. Martin for fraud, to admit any of the factual allegations in the pleadings, or to admit that they had committed fraud against Ms. Martin.

10.     Had Judge Goldberger told the Haucks that as a condition of settling the Underlying Case they would have to admit to wrongdoing in any form to Ms. Martin, they would have refused to sign the Stipulation.

11.     At no time during the mediation were the Haucks asked to, nor did they agree, to give up their rights to seek bankruptcy with respect to the Stipulation or Stipulated Judgment.

12.     The Haucks would have refused to enter into any settlement of the Underlying Case that would have required them to give up their rights to file for bankruptcy or to have the Stipulation / Stipulated Judgment discharged in bankruptcy.

13.     The Haucks filed their petition in bankruptcy in August 2010.

### III.     LEGAL ARGUMENT

**A Debtor Preserves His Right To Defend Himself Against Claims Under § 523(a)(2),(4), or (6) When He Enters Into A Pre-Petition Settlement Of Civil Fraud-Based Claims Without Admitting Liability Or Facts Constituting Fraud.**

Equity and the law dictate that when a debtor enters into a pre-petition settlement of fraud claims that results in the entry of a stipulated judgment, the debtor must be allowed to defend himself in bankruptcy court against any allegation that the debt is non-dischargeable pursuant to Section 523(a)(2), (4), or (6) when he has not admitted liability nor any facts constituting fraud.  A private settlement agreement cannot serve as the basis for applying preclusion principles in subsequent litigation, and a stipulated judgment cannot be used as *res judicata* to preclude subsequent litigation unless the agreement underlying the judgment so provides.   Alternatively, the Stipulation and Stipulated Judgment are nothing more than failed attempts to get the Haucks to reaffirm their debt to her according to Section 524(c).

For these reasons, Ms. Martin must still prove that the Haucks' debt represented in the Stipulation and Stipulated Judgment was procured by fraud in order for that debt to be non-dischargeable.

A.   **A Private Settlement Can Never Be Used For Collateral Estoppel Purposes, And The Stipulation And Stipulated Judgment Establish That *Res Judicata* Does Not Apply To The Issue Of Whether The Debt To Ms. Martin Was Procured By Fraud.**

Ms. Martin has previously taken the general position that the Stipulation and Stipulated Judgment bar the Haucks from contesting the dischargeability of that debt in this bankruptcy proceeding. While not specified as either an argument for the application of collateral estoppel or *res judicata*, neither principle allows Ms. Martin to avoid her burden of proving in this adversary proceeding that the debt owed to her by the Haucks was procured by fraud or the product of willful and malicious injury. *See e.g., In re Ethridge,* 80 B.R. 581, 586 (Bankr. M.D. Georgia 1987) ("A creditor seeking to have a debt determined to be nondischargeable under section 523 bears the burden of proving each element by clear and convincing evidence.").

A private settlement agreement such as the Stipulation does not constitute a final judgment and thus it cannot be the basis for asserting either collateral estoppel or *res judicata. In re Donnell,* 2011 WL 2294186, * 3 (Bankr. D.Colo. June 8, 2011) (reciting elements of claim preclusion and holding debtor could not rely on settlement of underlying arbitration to preclude plaintiff from establishing non-dischargeability in subsequent section 523(a)(2)(A) proceeding); *see also, Industrial Com'n of State v. Moffat County School Dist. RE No. 1,* 732 P.2d 616, 619-20 (Colo. 1987) (reciting final judgment on the merits is an element of collateral estoppel); *Ferris v. Bakery,*

*Confectionery and Tobacco Union, Local 26,* 867 P.2d 38, 42 (Colo.App.1993) (claim preclusion only applies to final judgments, not settlements); 18A Wright & Miller, *Federal Practice & Procedure,* § 4443, n. 6 (2d. ed. 2011) (matters resolved by stipulation are not actually litigated for purposes of analyzing preclusive effects).

Unless the Stipulated Judgment itself can be the basis of collateral estoppel or *res judicata,* then, Ms. Martin is not excused from having to prove in this adversary proceeding that the debt is non-dischargeable. *Archer v. Warner,* 538 U.S. 314, 322-23, 123 S.Ct. 1462, 1467-68 (2003) (court of appeals could determine on remand the state law issue of whether collateral estoppel prevented plaintiffs from challenging dischargeability in subsequent bankruptcy proceeding); *In re Audley,* 275 B.R. 383, 387 (10th Cir. 2002) (applying Missouri's collateral estoppel law to determine that debtor precluded from relitigating in adversary proceeding the findings by the state court of fraudulent conduct); *In re Valencia,* 280 B.R. 520 (Bankr. D.Colo. 2002) (pre-petition settlement of sexual harassment claims and entry of judgment thereon did not operate to preclude litigation of non-dischargeability of that debt under Section 523(a)(6)). However, whether the Stipulated Judgment has any preclusive effect depends on the Stipulation: "Even a stipulated judgment or consent judgment is entitled only to the preclusive effect manifested by the parties' intent as expressed in the plain language of the settlement agreement." *Donnell, supra* at *3, citing *O'Neil v. Wolpoff & Abramson, L.L.P.,* 210 P.3d 482, 484 (Colo. App. 2009) (when previous judgment was entered based on parties' settlement, analysis of preclusive effect of judgment is determined by terms of the settlement). "The basically contractual nature of consent judgments has led to

general agreement that preclusive effects should be measured by the intent of the parties." Wright & Miller, 18A Fed. Prac. & Proc. Juris. § 4443 (2d ed.).

Here, the plain language of the Stipulation does not provide that the agreement between the Haucks and Ms. Martin will have any preclusive effect. The document does not contain an admission of liability by the Haucks, or reflect that the Haucks were admitting any facts at all (let alone any facts constituting fraud or willful and malicious injury). In that respect, their consent to entry of the judgment on the two fraud-based claims does not constitute an admission of liability for fraud. *In re Minor,* 115 B.R. 690, 697 (Bankr. D. Colo. 1990). Thus, the Stipulation conforms to the Haucks' understanding and belief that they were not admitting any wrongdoing of any kind towards Ms. Martin by entering into the settlement of the Underlying Case, nor deciding in any way any issue involving the their right to file for the protections of the Bankruptcy Code with respect to the Stipulated Judgment. *See* Ex. D. While it may have been Ms. Martin's secret hope that the Stipulation could be used in the future to prevent the Haucks from being able to discharge the debt, the fact of the matter is that the Stipulation does not contain any evidence of a mutual intent that the Haucks would not be able to defend themselves against Ms. Martin's objection to the discharge.

The consequence of the foregoing is that the Haucks are entitled to present evidence in the context of this bankruptcy proceeding in support of their defenses to the Complaint Objecting to Discharge of the Debtors and/or to Determine Dischargeability of Certain Debts, namely that they did not engage in fraud or other willful and malicious injury to Ms. Martin. *See also, Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205 (1979) (res judicata not applicable in adversary proceeding so bankruptcy court not limited to

reviewing consent judgment and record from state court lawsuit when deciding issues of dischargeability); *Ethridge,* 80 B.R. 587 (holding that to make determination of whether debt was non-dischargeable under section 523(a)(2)(A) or (a)(2)(B), court was required to make "independent findings regarding the factual basis underlying the initial incurring of the debt evidenced by the consent judgment" when that judgment did not contain any findings of fact or state that it was to have preclusive effect). *Accord, In re Tsamasfyros,* 940 F.2d 605 (10th Cir. 1991) (applying collateral estoppel to bar debtor in adversary proceeding from relitigating fraud issues of fact and findings made by state court after 4-day bench trial); *Audley,* 275 B.R. at 386-87 (debtor precluded by collateral estoppel from relitigating dischargeability following two-day state court trial and findings that debtor violated consumer protection laws).

Allowing debtors to defend themselves in adversary proceedings when they have not previously admitted facts or liability for claims that would trigger the exceptions to discharge in Sections 523(a)(2), (4), or (6) is also consistent with various policies implicating bankruptcy law. Just as "the mere fact that a conscientious creditor has previously reduced his claim to judgment should not bar further inquiry into the true nature of the debt[,]" *Brown,* 442 U.S. at 138, an innocent debtor should not be denied the "fresh start" allowed by the Bankruptcy Code simply because he has also had the foresight to recognize the risks of proceeding to trial in state court and electing to eliminate those risks in favor of agreeing to pay a sum certain to settle all claims (dischargeable and otherwise). It is the forum of the bankruptcy court in which Congress intended to have decisions about the dischargeability of debts decided, not in state court "at a time when nondischargeability concerns 'are not directly in issue and neither party

has a full incentive to litigate them.'" *Archer,* 538 U.S. at 321, quoting *Brown,* 442 U.S. at 134.  This case proves to be an example of just such policy considerations; the Haucks have stated that they were not concerned or faced with deciding or resolving dischargeability issues when they executed the Stipulation at the mediation.  *See* Ex. D.

For these reasons, judgment as a matter of law must be granted in favor of the Haucks and against Ms. Martin on the argument that Ms. Martin remains ubligated to prove non-dischargeability in this action.

**B.      The Stipulation And Stipulated Judgment Are Invalid Attempts To Secure A Reaffirmation Agreement Under Section 524(c) Or Constitute Void Pre-Petition Waivers.**

In addition or alternatively, the Stipulation is void and unenforceable as a means of determining the dischargeability of the debt in this Court.  The Stipulation was not drafted by the Haucks, their attorney, or Judge Goldberger.  *See* Ex. D.[2]  To the extent Ms. Martin attempts to use it or the Stipulated Judgment to prevent the Haucks from defending themselves in this adversary proceeding, then, those documents are nothing more than a scarcely cloaked attempt to extract a reaffirmation agreement or a waiver from the Haucks.

Reaffirmation agreements are governed by Section 524(c) and when that section's requirements are not met, the agreement is unenforceable and will not result in the preclusion of the debtor from litigating dischargeability in the bankruptcy court.  *See e.g., Minor,* 115 B.R. at 694-95 (pre-trial, pre-petition settlement of fraud claims with agreement that debtor would not seek to discharge the debt in bankruptcy court was governed by Section 524(c)).  This rule works to protect debtors from being unduly

---

[2] In a telephone conference on August 10, 2011 with the undersigned, Judge Goldberger represented that he was not responsible for crafting the language of the Stipulation.

11

pressured into executing reaffirmation agreements with their creditors. *Id.* at 694. Ms. Martin will undoubtedly fail to persuade the Court with any suggestion that the Stipulation / Stipulated Judgment satisfies the strictures of Section 524(c). Accordingly, Section 524(c) preserves the Haucks' right to defend themselves against Ms. Martin's claim of non-dischargeability.

Moreover, the Stipulation/Stipulated Judgment cannot constitute a waiver of the dischargeability of the Haucks' debt to Ms. Martin. Settlement agreements entered into prior to the filing of a bankruptcy petition which purport to waive the benefits of a bankruptcy discharge are void and unenforceable. *See In re Cole,* 226 B.R. 647, 651 (B.A.P. 9th Cir. 1998); *In re Trump,* 309 B.R. 585, 593 (Bankr. D.Kan. 2004).

## IV.   CONCLUSION

The Haucks cannot be denied a defense in this adversary proceeding simply because they chose to make a business decision in May 2010 to settle the state law claims asserted against them by Ms. Martin. Neither collateral estoppel nor *res judicata* endows the Stipulated Judgment with preclusive qualities in light of the fact that nowhere in the Stipulated Judgment is any language indicating that the parties intended the settlement to have preclusive effect or that the Haucks admitted to liability or facts constituting fraud or willful and malicious injury. Use of the Stipulation / Stipulated Judgment to prevent the Haucks from maintaining a defense to Ms. Martin's allegations constitutes an unenforceable attempt to extort a pre-petition reaffirmation agreement, or a void pre-petition bankruptcy waiver.

WHEREFORE, for the foregoing reasons, Gary D. Hauck and Brenda K. Hauck respectfully request that the Court enter judgment in their favor as a matter of law

pursuant to L.B.R. 7056-1 in accordance with the proposed Order attached herewith for filing.

Dated this 18th day of August 2011.

Respectfully submitted,

Kerri J. Atencio
**ROBERTS LEVIN ROSENBERG PC**
1660 Wynkoop Street, Suite 800
Denver, Colorado 80202
(303) 575-9390
(303) 575-9385
kja@robertslevin.com

**ATTORNEY FOR DEBTORS/
DEFENDANTS GARY DAVID HAUCK
AND BRENDA KAY HAUCK**

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August 2011, a true and correct copy of the foregoing **DEBTORS/DEFENDANTS' CROSS-MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO F.R.B.P. 7056 AND MEMORANDUM IN SUPPORT** was filed with the Clerk of the Court by HAND DELIVERY and served on the following by the method indicated:

Darrell D. B. Damschen, Esq. (*via U.S. Mail*)
1536 Cole Blvd., Suite 335
Lakewood, CO 80401

Brenda Hauck (U.S. Mail)
Gary Hauck
P.O. Box 440740
Aurora, CO 80044-0740

Nicole R. Peterson

☐ County Court   ☑ District Court

Jefferson County District Court
Case No. 07-CV-2646

Stephanie M. Martin
Plaintiff

vs.

Gary D. Hawck and Brenda K. Hawck
Defendant

△ COURT USE ONLY △

Case No. 07-CV-2646

Division 1

## STIPULATION

The Parties agree as follows  Defendants stipulate to the entry of judgment against them, jointly and severally, in the amount of Two Hundred Thousand Dollars ($200,000.00) based on deceit based on fraud (2nd Claim for Relief) and civil theft under C.R.S. §18-4-401 (4th Claim for Relief) as contained in Plaintiff's First Amended Complaint and Jury Demand filed in Civil Action No. 07-CV-2646 in the District Court of Jefferson County, Colorado. Defendants further agree to assign to Plaintiff any and all interest they have, or may have, in the proceeds of the pending foreclosure proceeding relating to the property which is the subject of said civil action, said proceeds, if any, to be credited against the above-described judgment. The above captioned

Stephanie Martin
Plaintiff

_____
Defendant

_____
Teresa P Murray # 16127
Attorney for Plaintiff

_____ # 16780
Attorney for Defendant

Signed this  6  day of  MAY  20 10 .

_____
Kim H. Goldberger, Mediator

**EXHIBIT A**

civil action is to be dismissed with prejudice, each party to pay his own attorney fees and costs.

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401-6002<br>(303) 271-6110 | **EFILED Document**<br>**CO Jefferson County District Court 1st JD**<br>**Filing Date: May 10 2010 3:35PM MDT**<br>**Filing ID: 31026360**<br>**Review Clerk: Imran Sufi** |
| **Plaintiff:**<br>STEPHANIE M. MARTIN<br>v.<br>**Defendants:**<br>GARY D. HAUCK and BRENDA K. HAUCK | ▲ **COURT USE ONLY** ▲ |
| Terrence P. Murray, #16127<br>Darrell D. B. Damschen, #23146<br>Murray & Damschen, P.C.<br>Denver West Office Park<br>1536 Cole Boulevard, Building No. 4, Suite 335<br>Lakewood, Colorado 80401<br>Phone: 303-274-7752    Fax: 303-274-7942<br>Terry@madlawfirm.com | Case Number: 2007-CV-2646<br><br>Div: 1 |

## REQUEST FOR ENTRY OF STIPULATED JUDGMENT

Plaintiff, Stephanie M. Martin, by and through the undersigned counsel, Murray & Damschen, P.C., hereby requests that the Court enter Judgment for Plaintiff and against the Defendants pursuant to an agreement reached by the Parties, stating therefore as follows:

1.    On May 6, 2010, the Parties attended a mediation of this dispute with Kim H. Goldberger. Plaintiff was present and was represented at the mediation by Terrence P. Murray and Darrell D.B. Damschen of Murray & Damschen, P.C. Defendants were present and were represented at the mediation by Joyce M. Bergmann of Frascona Joiner Goodman & Greenstein, P.C.

2.    The Parties reached a resolution of their dispute and entered the "Stipulation" attached as Exhibit A. The Stipulation was executed by each of the Parties and their respective counsel.

3.    Pursuant to the Parties' Stipulation, judgment shall enter for Plaintiff, Stephanie M. Martin, and against the Defendants, Gary D. Hauck and Brenda K. Hauck, jointly and severally, in the amount of $200,000. Said Judgment shall enter specifically based on the Plaintiff's 2nd Claim for Relief, **Deceit Based on Fraud**, and 4th Claim for Relief, **Civil Theft pursuant to C.R.S. §18-4-401**, as those claims are stated in the Plaintiff's First Amended Complaint and Jury Demand, filed December 21, 2007.

# EXHIBIT B

4.      The remaining claims asserted by the Plaintiff against Defendants are dismissed with prejudice, each party to pay their own attorney fees and costs.

5.      A proposed judgment is filed herewith.

6.      As set forth in the attached Stipulation, Defendants have further agreed to assign to Plaintiff any and all interest that have, or may have, in proceeds of the pending foreclosure sale of the property located at 5821 West 7th Avenue, Lakewood, Colorado, which is the subject of this civil action.  Said proceeds received by the Plaintiff, if any, are to be credited against the above described judgment.

Respectfully submitted this 10th day of May, 2010.

MURRAY & DAMSCHEN, P.C.

By:     Original signature of Darrell D. B. Damschen
        on file at the law firm of Murray & Damschen, P.C.
        Darrell D. B. Damschen
        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document by transmitting a true copy thereof via US Mail to the following on this 10th day of May, 2010.

Gary D. Hauck
Brenda K. Hauck
2733 S. Salida Street
Aurora, CO 80013

Joyce M. Bergmann, Esq.
Frascona Joiner Goodman & Greenstein, P.C.
4750 Table Mesa Dr.
Boulder, CO 80305

Original signature Darrell D.B. Damschen
on file at the law firm of Murray & Damschen, P.C.



| SO ORDERED | The moving party is hereby ORDERED to provide a copy of this Order to any pro se parties who have entered an appearance in this action within 10 days from the date of this order. | *Lily W Oeffler* |
|---|---|---|

Lily W. Oeffler
**Jefferson District Court Judge**
DATE OF ORDER INDICATED ON ATTACHMENT

---

**DISTRICT COURT, JEFFERSON COUNTY, COLORADO**
100 Jefferson County Parkway
Golden, CO 80401-6002
(303) 271-6110

---

**Plaintiff:**
STEPHANIE M. MARTIN
v.
**Defendants:**
GARY D. HAUCK and BRENDA K. HAUCK

---

Terrence P. Murray, #16127
Darrell D. B. Damschen, #23146
Murray & Damschen, P.C.
Denver West Office Park
1536 Cole Boulevard, Building No. 4, Suite 335
Lakewood, Colorado 80401
Phone: 303-274-7752   Fax: 303-274-7942
Terry@madlawfirm.com

▲ **COURT USE ONLY** ▲

---

Case Number: 07-CV-2646

Div: 1

---

**JUDGMENT**

This matter came before the Court on Plaintiff's Request for Entry of Stipulated Judgment. The Court, having reviewed the Parties' Stipulation, hereby enters judgment against Defendants Gary D. Hauck and Brenda K. Hauck, jointly and severally, and in favor of Plaintiff Stephanie M. Martin in the amount of $200,000.00, said entry of judgment being based upon Plaintiff's 2nd Claim for Relief, **Deceit Based on Fraud**, and 4th Claim for Relief, **Civil Theft pursuant to C.R.S. §18-4-401**, as stated in the Plaintiff's First Amended Complaint and Jury Demand, filed December 21, 2007.

DONE this _____ day of May, 2010, *nunc pro tunc*, May 6, 2010.


_____
District Court Judge


# EXHIBIT C

This document constitutes a ruling of the court and should be treated as such.

| | |
|---|---|
| **Court:** | CO Jefferson County District Court 1st JD |
| **Judge:** | Lily Oeffler |
| **File & Serve Transaction ID:** | 31026360 |
| **Current Date:** | May 14, 2010 |
| **Case Number:** | 2007CV2646 |
| **Case Name:** | MARTIN, STEPHANIE M vs. HAUCK, GARY D et al |
| **Court Authorizer:** | Lily Oeffler |

**/s/ Judge Lily Oeffler**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| GARY DAVID HAUCK and | ) | 10-30894-SBB |
| BRENDA KAY HAUCK, | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| Last four digits of SS#: 3149 and 0812 | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| STEPHANIE M. MARTIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 10-0188-SBB |
| GARY DAVID HAUCK and | ) | |
| BRENDA KAY HAUCK, | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF GARY D. HAUCK AND BRENDA K. HAUCK

**STATE OF COLORADO** )

)

**COUNTY OF _____** )

We, Gary D. Hauck and Brenda K. Hauck, hereby swear and affirm as follows:

1.      We are the defendants in this adversary proceeding.  We were also the defendants in the civil case filed by Stephanie Martin in Jefferson County District Court, case no. 07-cv-2646 (the "Case").

2.      The Case was mediated by Judge Kim Goldberger on May 6, 2010.  At that time, a default judgment of more than $500,000 had been granted to Ms. Martin but our attorney from time to time, Joyce Bergman, had been able to get it reversed. Eventually an offer to settle for $200,000 was made by Ms. Martin.  Judge Goldberger made it clear to us that it was his opinion that if we did not settle for that amount, we would end up with a judgment of at least $500,000 against us.

3.      We did not want to settle the Case because we denied – and still do – that we had done anything wrong or fraudulent to Ms. Martin.   But, we relied on what Judge Goldberger told us and believed we had no choice but to settle, so we decided to make a business decision to eliminate the risk of going to trial.

**EXHIBIT D**

4.      At no time during the mediation did the Judge tell us that the offer that Ms. Martin's attorneys were making was that this $200,000 judgment would be put on the claims for "deceit based on fraud" and "civil theft."   At no time did the Judge tell us that Ms. Martin wanted the judgment to be allocated to these two claims so that we would not be able to have the debt discharged in bankruptcy at some point in the future.  We did not realize at the time we signed the Stipulation that it contained the wording about the amount being allocated only to those two claims.  (Exhibit 1 is a copy of the Stipulation.)

5.      At no time during the mediation did we agree to admit to any liability to Ms. Martin for fraud, to admit that we had done any of the acts that Ms. Martin accused us of, or to admit that we had committed fraud against Ms. Martin in any way.  Judge Goldberger never mentioned this at the mediation.  Had he said that as a condition of settling the Case we would have to admit to wrongdoing in any form to Ms. Martin, we would have refused to sign the Stipulation.

6.      At no time during the mediation did we agree to give up our rights to seek bankruptcy with respect to any of our debts, including the judgment in the Case.  Giving up our rights to challenge any claim made by Ms. Martin that her judgment was not dischargeable in the bankruptcy court was never discussed or mentioned by Judge Goldberger at the mediation.  We would have never agreed to any settlement of the Case that would have forced us to give up our rights to file for bankruptcy or to have the judgment discharged in bankruptcy.

7.      We did not write the handwritten Stipulation and neither did our attorney, Joyce Bergman.  We assumed that Judge Goldberger prepared it.

Dated this __ day of August, 2011.

/s/_____
Gary D. Hauck

/s/_____
Brenda K. Hauck

Subscribed and sworn to before me this __ day of August 2011, by Gary D. Hauck and Brenda K. Hauck.

[SEAL]

_____
Notary Public

☐ County Court   ☑ District Court

*Jefferson County District Court*

*Case No. 07-CV-2646*

*Stephanie M. Martin*
Plaintiff

vs.

*Gary D. Hauck and Brenda K. Hauck*
Defendant

△ COURT USE ONLY △

Case No. *07-CV-2646*

Division *1*

## STIPULATION

The Parties agree as follows *Defendants stipulate to the entry of judgment against them, jointly and severally, in the amount of Two Hundred Thousand Dollars ($200,000.00) based on deceit based on fraud (2nd Claim for Relief) and civil theft under C.R.S. §18-4-401 (4th Claim for Relief) as contained in Plaintiff's First Amended Complaint and Jury Demand filed in Civil Action No. 07-CV-2646 in the District Court of Jefferson County, Colorado. Defendants further agree to assign to Plaintiff any and all interest they have, or may have, in the proceeds of the pending foreclosure proceeding relating to the property which is the subject of said civil action, said proceeds, if any, to be credited against the above-described judgment. The above captioned*

*Stephanie Martin*
Plaintiff

Defendant
*Brenda K. Hauck*

*Terra P. Munro # 16127*
Attorney for Plaintiff

*#16780*
Attorney for Defendant

Signed this *6* day of *MAY* 20 *10* .

*Kim H. Goldberger*
Kim H. Goldberger, Mediator

*civil action is to be dismissed with prejudice, each party to pay its own attorney fees and costs.*

## EXHIBIT 1