UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re:<br><br>GARY DAVID HAUCK and<br>BRENDA KAY HAUCK,<br>Debtors.<br><br>Last four digits of SS#: 3149 and 0812 | ) | Bankruptcy Case No.<br>10-30894-SBB<br>Chapter 7 |
| STEPHANIE M. MARTIN,<br>Plaintiff,<br><br>v.<br><br>GARY DAVID HAUCK and<br>BRENDA KAY HAUCK,<br>Defendants. | ) | Adversary Proceeding No.<br>10-01888-SBB |

FILED
BRADFORD L. BOLTON
CLERK
2011 SEP -9 PM 4:23
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

**DEBTORS/DEFENDANTS' RESPONSE IN OPPOSITION TO [Doc# 34] PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT RE: ISSUE OF NONDISCHARGEABILITY WITH SUPPORTING AUTHORITY**

Debtors/Defendants Gary D. Hauck and Brenda K. Hauck (collectively, the "Haucks"), by and through their attorney Kerri J. Atencio and Jeremy A. Sitcoff of the law firm of **ROBERTS LEVIN ROSENBERG PC**, respectfully submit the following Response in Opposition to [Doc# 34] Plaintiff's Motion for Summary Judgment re: Issue of Nondischargeability with Supporting Authority:

## I. INTRODUCTION

Before the Court is the single issue of the effect that the Stipulation signed by the parties on May 6, 2010 in the underlying case, and the judgment which was entered on the Stipulation (the "Stipulated Judgment"), have on the dischargeability of the debt that was created by those instruments. As set forth in Debtors'/Defendants' Cross Motion for

Summary Judgment Pursuant to F.R.B.P. 7056 and Memorandum in Support (the "Haucks' Motion"), the Haucks must be given the opportunity to defend themselves against the charges that they defrauded Creditor/Plaintiff Stephanie Martin ("Ms. Martin") in the context of this bankruptcy proceeding. While the issues may be identical, collateral estoppel cannot be applied to find as a matter of law that the Haucks' debt to Ms. Martin is nondischargeable under 11 U.S.C. § 523(a)(2) because the Stipulation and Stipulated Judgment were not a final adjudication of fraud, and the Haucks did not have a full and fair opportunity to defend against those allegations.

## II. L.B.R. 7056-1(b)

**A. (1) Statement of Burden of Proof.**

Plaintiff's Motion for Summary Judgment re: Issue of Nondischargeability with Supporting Authority ("Martin's Motion") appears to agree that it is Ms. Martin's burden to prove the applicability of *res judicata* in this case. *See In re Dunston,* 146 B.R. 269, 277 (D.Colo. 1992).

**B. (2) Defenses to the Elements of the Claim.**

Defenses to the elements of *res judicata* are not applicable. Rather, the elements about which Ms. Martin and the Haucks disagree are a) whether the issue of fraud was actually litigated and finally adjudicated on the merits, and b) whether the Haucks had a full and fair opportunity to litigate the issue in Jefferson County District Court, Case No. 2007-cv-2646 (the "Underlying Action"). *Carpenter v. Young,* 773 P.2d 561, 565 (Colo. 1989). *See also, Nichols v. Board of County Com'rs of County of La Plata, Colo.,* 506 F.3d 962, 967 (10th Cir. 2007) (state preclusion law applies to determine preclusive effect of consent judgment entered by state court).

**C. (3) Undisputed Material Facts.**

Ms. Martin does not set forth any particular statements as being undisputed facts in her cross-motion, but the Haucks do not dispute the authenticity of any of the documents attached as exhibits. Otherwise, the Haucks maintain that all of the elements of civil fraud and civil theft must be proved in this adversary proceeding. Those elements include 1) false representation of a material, existing fact; 2) knowledge of the maker of the representation that it is false; 3) ignorance of the person to whom it is made that the statement is false; and 4) intent of the maker that the representation be acted upon; and 5) resulting damage (civil fraud). *See e.g., Kinsey v. Preeson,* 746 P.2d 542, 548 (Colo. 1987). However, the elements of fraud, and thus the facts supporting those elements, are not relevant to Ms. Martin's Motion.

**D. (4) Additional Undisputed Material Facts.**

Each statement of fact set forth in Section II.3 of the Haucks' Motion is material and undisputed with respect to the issue of collateral estoppel. The Haucks reassert them here as if fully set forth.

**E. (5) Calculation of Damages.**

Not applicable.

## III. LEGAL ARGUMENT

**Ms. Martin Cannot Rely On Issue Preclusion Because A Settlement And Stipulated Judgment Do Not Actually Determine Issues In The Underlying Litigation.**

Principles of issue preclusion do not apply in this case. Issue preclusion can only apply to bar the Haucks from defending themselves in this adversary proceeding if the

following are satisfied: (1) the elements of nondischargeability under Section 523(a)(2) and (4) are identical to an issue finally determined in the Underlying Lawsuit; (2) the Haucks were a party to in privity with a party to that case; (3) there was a final judgment on the merits in the Underlying Lawsuit; and (4) the Haucks had a full and fair opportunity to litigate the issue in the Underlying Lawsuit. *See e.g., Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 47 (Colo. 2001).

However, any preclusive effect given to a private settlement agreement "'derives from its force as a contract, not from *res judicata*.'" *In re Donnell*, 10-12517 ABC, 2011 WL 2294186 *3 (Bankr. D. Colo. June 8, 2011), quoting 18A Wright & Miller, *Federal Practice & Procedure,* § 4443 (2d. ed. 2011). "Even a stipulated judgment or consent judgment is entitled only to the preclusive effect manifested by the parties' intent as expressed in the plain language of the settlement agreement." *In re Donnell, id.,* citing *O'Neil v. Wolpoff & Abramson, L.L.P.,* 210 P.3d 482, 484 (Colo.App.2009) (explaining the contractual nature of settlement agreements means preclusive effect "should be determined according to the intent of the parties ascertained from the plain and unambiguous language of the settlement agreement"), *Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1468 (10th Cir.1993). Accordingly, the *Donnell* Court declined to allow the debtor to use claim preclusion based on a prior settlement to prevent the creditor from seeking a declaration that the debt was nondischargeable.

This reasoning applies equally in the context issue preclusion. The same contractual agreement (the Stipulation) and the Stipulated Judgment which flowed from it are at the center of Ms. Martin's preclusion argument, and a final judgment is an element of both claim preclusion and issue preclusion. Indeed, in evaluating the Tenth Circuit

Court of Appeals determined that a settlement agreement and consent decree based upon it could not have issue preclusive effect in the *Nichols* case. *Nichols v. Board of County Com'rs, supra,* 506 F.3d 967-69. Citing authority both in and outside this jurisdiction and the Restatement (Second) of Judgments, § 27, the court noted that none of the issues are actually litigated when a judgment is entered by a state court by confession, consent, or default. *See id.* at 968. "Therefore, under the 'actually litigated and necessarily adjudicated' element of Colorado's collateral estoppel test, the [settlement] does not have preclusive effect on any of the issues in controversy in the instant litigation." *Id.* at 969.[1]

Therefore, the Stipulation and the Stipulated Judgment cannot serve to shortcut Ms. Martin's burden of proving that the Haucks committed fraud unless by they provide for the parties' settlement to have preclusive effect. As explained in the Haucks' Motion, the Stipulation and Stipulated Judgment are unambiguous, and do not contain any indication of an agreement by the parties that the Haucks were relinquishing their rights to have the debt discharged in bankruptcy. No facts are admitted or even mentioned in the Stipulation, and the trial court made no findings of fact that would otherwise support a judgment on the fraud claims when repeating the terms of the Stipulation in the Stipulated Judgment.

None of the cases cited by Ms. Martin are applicable and even if they were, they do not dictate a different result. All but one of the cases that Ms. Martin argues is determinative of the outcome here analyzes the preclusive effects not of settlement agreements, but of default judgments. The Stipulated Judgment was not entered by

[1] *Nichols* did not involve the use of issue preclusion in an adversary proceeding. *See* Martin's Motion, p. 11. The analysis of the effect of a settlement agreement and consent decree should, nevertheless, be the same whether the subsequent proceeding in which issue preclusion is asserted is situated before a bankruptcy court, a federal district court, or a state court.

default but by the prior stipulated agreement of Ms. Martin and the Haucks. Thus, any rule that default judgments may serve to trigger issue preclusion so long as the debtor engaged in a "meaningful assessment" of the facts and made a "conscious choice" to allow a consent judgment to be entered is inapplicable in this instance. *See* Martin's Motion, pp. 8-10.

Ms. Martin's Motion should be rejected for an additional reason. As an equitable doctrine, the purpose of issue preclusion is to "relieve parties of multiple lawsuits, conserve judicial resources, and promote reliance on the judicial system by preventing inconsistent decisions." *Sunny Acres Villa, Inc. v. Cooper,* 25 P.3d 44, 47 (Colo. 2001). None of these purposes are served by a rule that allows a stipulated civil judgment which arises out of a pre-trial settlement agreement in which the debtor admits no facts pertaining to fraud to be used to preclude the debtor from subsequently seeking the protections of the bankruptcy court with respect to that debt.

Ms. Martin will not be required to expend any additional time or resources to prove nondischargeability in this adversary proceeding than would have been required to prove the Haucks committed fraud in the context of the Underlying Lawsuit. The fact is, Ms. Martin initially obtained a default judgment against the Haucks for their failure to answer. The Haucks answered debtor interrogatories immediately before the default was overturned, and an answer immediately after. *See* Exhibit A to the Martin Motion, p. 2. No further activity on the part of the Haucks occurred prior to the mediation on May 5, 2010, other than for their attorney of record to seek permission to withdraw. *See id.* Likewise, Ms. Martin did little, if anything, in the months following the reversal of the default except to serve Colo.R.Civ.P. 26(a)(1) disclosures. Because the parties took

virtually no steps in the Underlying Lawsuit to flesh out the merits of the claims, and the Court was not required to expend significant resources of its own, Ms. Martin cannot credibly argue that there are concerns about multiple lawsuits or a waste of judicial resources to support the application of preclusion here. Likewise, the Court did not adjudicate any issue in the Underlying Lawsuit – let alone that the Haucks committed civil fraud or civil theft – but simply entered a judgment upon the terms agreed to by the parties without entering any findings at all. Thus, no danger exists of inconsistent decisions that would otherwise suggest the use of preclusion in this case.

On the other hand, allowing debtors to settle civil cases against them by entering into settlement agreements in which they do not admit liability, and when the trial judge does not otherwise make findings of fact concerning the debtor's fraud, *does* serve the purposes of collateral estoppel as well as the policies of bankruptcy law. Judicial resources are conserved because rather than spending the time and funds necessary to prove – or defend against – every element of a claim of fraud, the parties can agree to a value of the case which fairly accounts for the risk of a trial. If, and only if, the debtor subsequently files for bankruptcy will any of those resources be expended and then, the only issues will be whether the debtor committed fraud. The issue of damages – i.e. the amount of the debt – will have already been determined, and thus fewer resources are devoted to litigation at the end of the day. This rule also has the effect of encouraging settlements, a policy that is not unimportant in the context of the Bankruptcy Code. *See e.g., Archer v. Warner,* 538 U.S. 314, 321, 123 S.Ct. 1462, 1467 (2003); *In re DB Capital Holdings, LLC,* -- B.R. – , *7 (D.Colo. May 25, 2011).

## IV. CONCLUSION

For all the foregoing reasons, as well as those set forth in the Cross-Motion for Summary Judgment Pursuant to F.R.B.P. 7056 and Memorandum in Support, the Haucks respectfully request that the Court deny Plaintiff's Motion for Summary Judgment Re: Issue of Nondischargeability With Supporting Authorities and grant such other and further relief as deemed just and appropriate.

Dated this 9th day of September 2011.

Respectfully submitted,

Kerri J. Atencio
ROBERTS LEVIN ROSENBERG PC
1660 Wynkoop Street, Suite 800
Denver, Colorado 80202
(303) 575-9390
(303) 575-9385
kja@robertslevin.com

**ATTORNEY FOR DEBTORS/ DEFENDANTS GARY DAVID HAUCK AND BRENDA KAY HAUCK**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of September 2011, a true and correct copy of the foregoing **DEBTORS/DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT RE: ISSUE OF NONDISCHARGEABILITY WITH SUPPORTING AUTHORITIES** was filed with the Clerk of the Court by HAND DELIVERY and served on the following by the method indicated:

Darrell D. B. Damschen, Esq. (*via U.S. Mail)*
1536 Cole Blvd., Suite 335
Lakewood, CO 80401

Brenda Hauck (U.S. Mail)
Gary Hauck
P.O. Box 440740
Aurora, CO 80044-0740

Karen J. Hammock