

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Bankruptcy No. 10-30894 SBB<br>Chapter 7 |
| GARY DAVID HAUCK, XXX-XX-3149<br>BRENDA KAY HAUCK, XXX-XX-0812<br>Debtors, | Adversary Proceeding No.<br>10-01888-SBB |
| v. | |
| STEPHANIE M. MARTIN,<br>Plaintiff, | |
| vs.<br>GARY DAVID HAUCK, and<br>BRENDA KAY HAUCK.<br>Defendants. | |

**PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT
RE: ISSUE OF NONDISCHARGEABILITY**

Plaintiff, Stephanie M. Martin, by and through her counsel, Murray & Damschen, P.C., and hereby respectfully responds to the Defendants' Motion For Summary Judgment Re: Issue Of Nondischargeability:

### I. INTRODUCTION

In their Motion, Debtors Gary D. Hauck and Brenda Hauck assert that the stipulated judgment entered in the underlying state court action ("State Action") is not entitled to preclusive effect with regard to the issue of nondischargeability of Plaintiff's claims pursuant to 11 U.S.C. Sections 523(a)(2) and (a)(4). For the reasons set forth below, as well as those outlined in her

1

Motion, Plaintiff respectfully submits that her claims are exempt from discharge under the statutory provisions in question.

## II. ARGUMENT

In their Motion, Debtors rely primarily on the case of *In re Donnell,* 2011 WL 2294186 (Bankr. D. Colo. June 8, 2011) in asserting that the requirements for preclusive effect have not been met. A review of the Courts' analysis, however, demonstrates that *In re Donnell* is distinguishable from the instant case. As a threshold matter, the Court in *In re Donnell* evaluated the issue of nondischargeability under claim preclusion, or res judicata, rather than collateral estoppel, or issue preclusion. The Court noted that the requirement under claim preclusion of identity of parties had not been established as the defendant was not a party to the underlying arbitration proceeding. The Court in *In re Donnell* then went on to note that the settlement of the underlying arbitration proceeding was not made into a formal arbitration award or judgment of any kind; as a result, the "final judgment" requirement for claim preclusion had not been satisfied.

In their Motion, Debtors assert that Plaintiff's reliance upon *In re Sukut,* 357 B.R. 834 (Bankr. D. Colo. 2007) and *In re Riggle*, 389 B.R. 167 (Bankr. D. Colo. 2007) is misplaced in that these cases involved default judgments rather than stipulated judgments. Debtors' assertion is without merit. In her Motion, Plaintiff cited *In re Sukut* and *In re Riggle* for the proposition that, where the party seeking to apply collateral estoppell presents evidence that the parties engaged in a "meaningful assessment of the facts" and then the defendant made a "conscious choice not to contest the entry of judgment", a court may appropriately find the issue was actually

2

litigated. Plaintiff submits that this general principle applies with equal force regardless of whether a judgment is entered by way of default or by way of stipulation. Indeed, common sense would suggest that application of this rule to default judgments would be more objectionable as, in the default context, a defendant takes no affirmative steps in response to service of the complaint, while in the consent judgment the defendant has made a conscious decision to allow a judgment to enter against them.

Defendants contend in their affidavit filed with their motion that they never intended to allow a judgment to enter against them on Plaintiff's fraud and civil theft claims asserted against them in the underlying State Action. In their affidavit, Debtors state that "[w]e did not realize at the time we signed the Stipulation that it contained the wording about the amount [of the settlement] being allocated only to those two claims." Affidavit para. 4. Regardless of who drafted the handwritten Stipulation,[1] it is inconceivable that Debtors did not realize what was stated in the one-page stipulation, particularly when they were represented at the mediation by their counsel, Joyce Bergman; indeed, Ms. Bergman <u>herself</u> signed the stipulation. Having been represented by competent legal counsel and having themselves agreed to the language contained in the Stipulation, Debtors cannot now be permitted to argue that they didn't understand what they were signing.

In addition to asserting that they did not read the specific wording of the Stipulation before they signed it, Debtors assert that they "would have never agreed to any settlement of the

---

[1] The handwritten Stipulation was in fact prepared by counsel for Plaintiff.

3

case that would have forced us to give up our rights to file for bankruptcy or to have the judgment discharged in bankruptcy." Affidavit para. 6. By agreeing – with the assistance of counsel – to allow judgment to enter against them on two claims which are not dischargeable in bankruptcy, and by failing to preserve in the Stipulation their right to seek a discharge in bankruptcy, Debtors clearly engaged in a "meaningful assessment" of the facts and made a "conscious choice" not to contest the entry of judgment. *In re Sukut, supra; In re Riggle, supra.*

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully submits that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Debtors, assisted by counsel, clearly engaged in a "meaningful assessment" of the facts and made a "conscious choice" to allow judgment to enter against them in the State Action. Inasmuch as the requirements for issue preclusion under Colorado law have been met, Plaintiff is entitled to an order pursuant to FRCP 56 declaring that Plaintiff's claims are exempt from discharge under 11 U.S.C. Sections 523(a)(2) and (a)(4).

Respectfully submitted this 13th day of September, 2011.

MURRAY & DAMSCHEN, P.C.

s/Terrence P. Murray
**Terrence P. Murray, Esq.**
CO Bar No. 16127
**Darrell D. B. Damschen, Esq.**
CO Bar No. 23146
MURRAY & DAMSCHEN, P.C.
1536 Cole Blvd., Suite 335
Lakewood, CO 80401
Telephone: (303)274-7752
Fax: (303)274-7942
E-Mail: Terry@madlawfirm.com
E-Mail: Darrell@madlawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document by transmitting a true copy thereof via USPS to the following on this 13th day of September, 2011.

Kerri J. Atencio, Esq.
ROBERTS, LEVIN, ROSENBERG
1660 Wynkoop Street, Ste. 800
Denver, CO 80202
*Attorneys for Defendants*

Original signature Terrence P. Murray
on file at the law firm of Murray & Damschen, P.C.

5