FILED
BRADFORD L. BOLTON
CLERK

2011 SEP 13 PM 4:47

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Bankruptcy No. 10-30894 SBB<br>Chapter 7 |
| GARY DAVID HAUCK, XXX-XX-3149<br>BRENDA KAY HAUCK, XXX-XX-0812<br>Debtors, | Adversary Proceeding No.<br>10-01888-SBB |
| v. | |
| STEPHANIE M. MARTIN,<br>Plaintiff, | |
| vs. | |
| GARY DAVID HAUCK, and<br>BRENDA KAY HAUCK.<br>Defendants. | |

## NOTICE OF FILING OF CORRECTED BRIEF

Plaintiff, Stephanie M. Martin, by and through her counsel, Murray & Damschen, P.C., and hereby respectfully submits her Notice of Filing of Corrected Brief with regard to Plaintiff's Motion For Summary Judgment Re: Issue Of Nondischargeability, stating therefore as follows:

1. On August 15, 2011 Plaintiff filed her Motion for Summary Judgment regarding the issue of nondischargibility.

2. On September 9, 2011, Defendants counsel, Kerri J. Atencio, Esq. of Roberts, Levin & Rosenberg, contacted the undersigned counsel and indicated that the copy of the Motion she had received indicated that the text pleading contained several footnotes, but that no footnotes were actually found on the various pages where footnotes were indicated. The

undersigned determined that, for some unknown reason, the computerized file on counsel's computer does contain the footnotes, but the printout both filed with the court and provided to counsel did not contain the text of the footnotes.

3. The undersigned counsel did provide a corrected copy of the pleading to the Defendant's counsel immediately upon learning of the printing error.

4. Attached hereto is a copy of the brief containing the text of the footnotes that was omitted from the prior filing. Those footnotes primarily reference the exhibits that were in fact filed with the original Motion.

5. As the text of the footnotes is minimal, and primarily references the attachments that were filed with the original copy of the Motion, no party should be prejudiced by the filing of this corrected Motion.

Respectfully submitted this 13th day of September, 2011.

MURRAY & DAMSCHEN, P.C.

s/Terrence P. Murray
**Terrence P. Murray, Esq.**
CO Bar No. 16127
**Darrell D. B. Damschen, Esq.**
CO Bar No. 23146
MURRAY & DAMSCHEN, P.C.
1536 Cole Blvd., Suite 335
Lakewood, CO 80401
Telephone: (303)274-7752
Fax: (303)274-7942
E-Mail: Terry@madlawfirm.com
E-Mail: Darrell@madlawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document by transmitting a true copy thereof via USPS to the following on this 13th day of September, 2011.

Kerri J. Atencio, Esq.
ROBERTS, LEVIN, ROSENBERG
1660 Wynkoop Street, Ste. 800
Denver, CO 80202
*Attorneys for Defendants*

Original signature Darrell Damschen
on file at the law firm of Murray & Damschen, P.C.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Bankruptcy No. 10-30894 SBB |
| | Chapter 7 |
| GARY DAVID HAUCK, XXX-XX-3149 | |
| BRENDA KAY HAUCK, XXX-XX-0812 | Adversary Proceeding No. |
| Debtors, | 10-01888-SBB |
| | |
| v. | |
| | |
| STEPHANIE M. MARTIN, | |
| Plaintiff, | |
| | |
| vs. | |
| GARY DAVID HAUCK, and | |
| BRENDA KAY HAUCK. | |
| Defendants. | |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### RE: ISSUE OF NONDISCHARGEABILITY WITH SUPPORTING AUTHORITY

COMES NOW the Plaintiff, Stephanie M. Martin, by and through her counsel, Murray & Damschen, P.C., and hereby respectfully submits her Motion For Summary Judgment Re: Issue Of Nondischargeability With Supporting Authority:

### I. INTRODUCTION

Plaintiff filed this adversarial proceeding seeking an order from this court declaring that her claim against Debtors is exempt from discharge pursuant to the provisions of 11 U.S.C. §

1

523(a)(2), (4) and (6). Plaintiff respectfully submits that, pursuant to FRCP 56, there is no genuine issue of material fact and, therefore, Plaintiff is entitled to judgment as a matter of law.[1]

## II. LEGAL STANDARD

Pursuant to FRCP 56, a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Summary judgment under Rule 56 is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. V. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In the instant case, it is undisputed that Plaintiff has previously obtained a judgment against Debtors in the District Court of Jefferson County, Colorado. For the reasons set forth below, Plaintiff respectfully submits that this state court judgment should be deemed to be preclusive with regard to the issue of dischargeability, thus entitling Plaintiff to judgment as a matter of law.

## III. FACTUAL BACKGROUND

On July 20, 2007, Plaintiff filed a civil action in the District Court of Jefferson County, Colorado, ("State Action") against Debtors alleging fraud and civil theft in connection with

---

[1] By Order dated July 26, 2011, this Court ordered the parties to submit cross motions for summary judgment on the issue of dischargeability.

2

Debtors' purchase from Plaintiff in 2006 of a home located in Lakewood, Colorado ("Home").[2] In her First Amended Complaint filed on December 21, 2007, Plaintiff asserted claims for Extreme and Outrageous Conduct, Deceit Based on Fraud, Civil Conspiracy, and Civil Theft Pursuant to C.R.S. § 18-4-401. Plaintiff also requested that a Constructive Trust be imposed on the Home.[3] On March 25, 2009, Plaintiff filed a Motion For Entry Of Default Judgment in the State Action. On April 30, 2009, the Court in the State Action entered judgment in favor of Plaintiff and against Debtors, jointly and severally, in the amount of $516,520.30.[4]

On July 14, 2009, Debtors filed a Motion to Vacate Judgment and Set Aside Default in the State Action. On August 3, 2009, the Court in the State Action entered an order granting Debtors' Motion, and on August 12, 2009, Debtors filed their Answer in the State Action. The State Action was subsequently set for a five-day jury trial commencing on August 16, 2010.

On May 6, 2010, Plaintiff, Debtors and their respective legal counsel attended a settlement conference presided over by a retired Colorado district court judge, the Hon. Kim H. Goldberger. At the settlement conference, a settlement was reached pursuant to which Debtors stipulated to the entry of a judgment against them, jointly and severally, in the amount of $200,000.00 on Plaintiff's claims for deceit based on fraud and civil theft pursuant to C.R.S. §

---

[2] A copy of the Lexis Case History Search relating to the underlying State Action, Stephanie M. Martin v. Gary D. Hauck and Brenda K. Hauck, Civil Action No. 07-CV-2646 is attached hereto as Exhibit A.

[3] A copy of the First Amended Complaint filed in the State Action is attached hereto as Exhibit B.

[4] A copy of the April 30, 2009 Judgment entered in the State Action is attached hereto as Exhibit C.

18-4-401 as stated in Plaintiff's First Amended Complaint and Jury Demand dated December 21, 2007.[5] On May 14, 2010, the Court in the State Action entered judgment in accordance with the stipulation of the parties.[6]

On August 17, 2010, Debtors filed their Voluntary Petition seeking relief under Chapter 7. On November 12, 2010, Plaintiff commenced the instant adversarial proceeding seeking an order declaring that Plaintiff's claims against Debtors are nondischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(2), (4) and (6).

### III. ARGUMENT

#### A. As They Relate To The Question Of Nondischargeability, The Issues In The Colorado State Court Action And The Instant Adversarial Proceeding Are Identical

In this adversarial proceeding, Plaintiff seeks a judicial determination from this Court that Plaintiff's state court claims and resultant judgment are nondischargeable under 11 U.S.C. § 523 by operation of the doctrine of collateral estoppel (or issue preclusion). In determining whether the judgment in the State Action is to be give preclusive effect, this Court must determine whether the issues adjudicated in the Colorado state court proceeding are identical to the issues in this adversarial proceeding. For the reasons set forth below, Plaintiff respectfully submits that there is in fact an "identity of issues" in the two proceedings and that, for this reason, there is

---

[5] A copy of the May 6, 2010 Stipulation is attached hereto as Exhibit D.

[6] A copy of the May 14, 2010 Judgment entered in the State Action is attached hereto as Exhibit E.

nothing left for this Court to examine other than the question of whether the remaining requirements for issue preclusion have been satisfied.

Section 523(a)(2)(A) of the Bankruptcy Code provides, in pertinent part, that a discharge under § 727, 1141, 1228(a), 1228(b) or 1328(b) of Title 11 does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ..." To prevail in a § 523(a)(2)(A) action, a Plaintiff must establish the traditional aspects of common law fraud: (1) the debtor made a false representation to deceive the creditor; (2) the creditor relied on the misrepresentation; (3) the reliance was justified; and (4) the creditor sustained a loss as a result of the misrepresentation. In re *Bilzerian,* 153 F.3d 1278, 1281 (11th Cir. 1998). The creditor must establish each of the elements of fraud by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291 (1991).

In her Second Claim For Relief contained in her First Amended Complaint filed in the state court proceeding, Plaintiff asserted a claim under Colorado law for "deceit based on fraud". Specifically, the Second Claim For Relief alleged that Debtors, and each of them, made a representation of a past or present fact(s); that the fact(s) was material; that at the time the representation(s) was made, Debtors, and each of them, knew the representation was false; that Debtors made the representation(s) with the intent that Plaintiff would rely on the representation(s); that Plaintiff relied upon the representation(s); that Plaintiff's reliance was justified; and that such reliance has caused injuries and damages to Plaintiff. By virtue of

5

stipulating to the entry of judgment on this fraud-based claim, Debtors admitted that the allegations contained in this claim for relief – which are essentially identical to the required elements in In re *Bilzerian, supra* – had been established. As a result, the Colorado state court judgment establishes the requisite elements of nondischargeability pursuant to § 523(a)(2)(A) for any debt for money obtained by "false pretenses, a false representation, or actual fraud ..."

Section 523(a)(4) of the Bankruptcy Code provides, in pertinent part, that a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of Title 11 does not discharge an individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny ..." For purposes of § 523(a)(4), a bankruptcy court is not bound by the state law definition of larceny but, rather, may follow federal common law, which defines larceny a "felonious taking of another person's property with intent to convert it or deprive the owner of the same." 4 Collier on Bankruptcy ¶ 523.10[z] (15th ed. Rev. 2008).

In the Fourth Claim For Relief contained in her First Amended Complaint filed in the state court proceeding, Plaintiff asserted a claim for "civil theft" pursuant to C.R.S. § 18-4-401. Specifically, the Second Claim For Relief alleged that Debtors, and each of them, "knowingly obtained title to, and exercised control over, Plaintiff's [home] and Plaintiff's equity in the [home] by deception, and intended to permanently deprive Plaintiff of the use or benefit of the [home] and Plaintiff's equity in the [home]." As with the Second Claim For Relief based on "fraud by deceit", Debtors, by virtue of stipulating to the entry of judgment on Plaintiff's claim based on "civil theft" pursuant to C.R.S. § 18-4-401, admitted that the allegations contained this claim for relief – which are essentially the requirements for "larceny" under federal common law

– had been established. As a result, the Colorado state court judgment establishes the requisite elements of nondischargeability pursuant to Section 523(a)(4) for any debt for "larceny."

For the reasons set forth above, it is clear that the issues in the Colorado state court proceeding were identical to those presented in the instant adversarial proceeding. In the state court proceeding, Debtors stipulated to entry of a judgment against them, jointly and severally, on claims for "deceit based on fraud" and "civil theft" under Colorado law, claims whose requisite elements are identical, or substantially identical, to the requisite elements for debts for money or property obtained by "false pretenses, a false representation, or actual fraud" under § 523(a)(2)(A), as well as for debts for "larceny" under § 523 (a)(4). Thus, Plaintiff has established the elements of nondischargeability required pursuant to § 523(a)(2)(A) and (a)(4).[7]

## B. Collateral Estoppel Under Colorado Law

Although the bankruptcy courts retain exclusive jurisdiction to determine whether a debt is non-dischargeable under 11 U.S.C. § 523(a)(2) and 523(a)(4), the doctrine of collateral estoppel may be invoked to bar relitigation of factual issues determined in a prior judgment. *See:* In re *Wallace,* 840 F.2d 762, 764 (10th Cir. 1988). In determining whether a prior state court judgment is to be given preclusive effect, a bankruptcy court must look to the preclusion law of the state in which the judgment was rendered. In re *Sukut,* 357 B.R. 840 (Bankr. D. Colo. 2006). Since Plaintiff obtained her judgment in a Colorado state court, this Court must apply

---

[7]As noted in her Complaint Objecting to Discharge, Plaintiff has asserted that a discharge should be denied on the basis of subsections (a)(2)(A), (4) and (6) of Section 523. While Plaintiff has relied upon subsection (6) in her Complaint, the instant Motion for Summary Judgment is directed only at the provisions subsections (a)(2)(A) and (4), either of which, in Plaintiff's view, support a finding that Plaintiff's claims are not subject to discharge.

Colorado law to determine whether the judgment is to be given preclusive effect with regard to the issue of non-dischargeability.

In *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2D. 78 (Colo. 1999), the Colorado Supreme Court set forth the four requirements which must be met for collateral estoppel (or issue preclusion) to apply: (1) the issue to be precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party in the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding. *Id.* at 84-85. In the instant case, it is clear that the second (identity of parties) and third (finality of judgment) elements of the *Bebo* test have been satisfied; accordingly, this Court must determine whether the first and fourth elements have likewise been satisfied.

### 1. The Issue To Be Precluded Was Actually Litigated In The Prior Proceeding

For an issue to be actually litigated for purposes of collateral estoppel, the issue must have been pled in the prior claim and a determination on that issue must have been necessary to the prior judgment. *Bebo, supra,* at 85. In a dischargeability proceeding, a consent judgment or stipulation and agreement entered as a court order can be a final adjudication on the dischargeability issue and have collateral estoppel effects on a bankruptcy court. In re *Austin*, 93 B.R. 723 (Bankr. D. Colo. 1988). In a dischargeability proceeding, the focus is placed on whether the debtor had an opportunity to present his case or to litigate the relevant issues. *Id.* at 727. The issue need not be actually and fully tried, provided the dispute proceeded through all

8

phases of litigation appropriate to the case, while providing full and fair protection of litigants' rights. *Id. See also* In re *Riggle,* 389 B.R. 167 (Bankr. D. Colo. 2007).

The bankruptcy court should look beyond the state court judgment to the entire record from the state proceeding to ensure that all issues to be given preclusive effect have been actually litigated and presented. In re *Dunston,* 146 B.R. 269 (D. Colo. 1992). Where the party seeking to apply collateral estoppel presents evidence that the parties engaged in a "meaningful assessment of the facts" and then the defendant made a "conscious choice not to contest the entry of judgment", a court may appropriately find the issue was actually litigated. In re *Sukut,* 357 B.R. 834, 839 (Bankr. D. Colo. 2006); *Riggle, supra,* at 175.

In a foregoing section of this memorandum, Plaintiff has established the "identity of issue" requirement for application of collateral estoppel. In the instant case, it is also clear that the "actually litigated" requirement has been met. In their First Amended Complaint filed in state court on December 21, 2007, Plaintiff asserted various claims for relief against Debtors, including a claim for deceit based on fraud, and a claim for civil theft pursuant to C.R.S. § 18-4-401. By Order dated April 30, 2009, Judge Lily W. Oeffler entered default judgment against Debtors, jointly and severally, in the amount of $516,520.30; said judgment included treble damages as provided for by C.R.S. 18-4-401. On July 14, 2009, however, Debtors, through counsel, filed a motion for relief from the April 30, 2009 default judgment, and the motion was briefed extensively by the parties. By Order dated August 3, 2009, Judge Oeffler set the default judgment aside.

On May 6, 2010, the parties, represented by counsel, attended a settlement conference with a retired Colorado state court judge, Kim H. Goldberger, at the offices of Debtors' legal counsel. At the conclusion of the settlement conference, the parties and their respective counsel signed a Stipulation in which Debtors – again, represented by counsel – agreed to the entry of judgment against them, jointly and severally, and in favor of Plaintiff, in the reduced amount of $200,000.00, said judgment being based upon Plaintiff's Second Claim For Relief, Deceit Based On Fraud, and Fourth Claim For Relief, Civil Theft pursuant to C.R.S. § 18-4-401.

The instant case is distinguishable from those cases, such as In re *Riggle,* and In re *Sukut,* in which a court refused to provide preclusive effect to a default judgment on the issue of non-dischargeability. In neither of these cases was there evidence that the debtor had engaged in a "meaningful assessment" of the facts and made a "conscious choice" not to contest the entry of judgment; in the instant case, by contrast, Debtors, after retaining counsel and successfully setting aside the default judgment entered against them, <u>agreed</u> to the entry of a fraud-based judgment against them at the conclusion of a settlement conference at which they were represented by counsel. Accordingly, it is clear that the "actually litigated" requirement of the *Bebo* test has been satisfied.

### 2. Debtors Had A Full And Fair Opportunity To Litigate The Issue in the State Action

On the basis of the analysis set forth above, it is clear that the first three of the four required elements for application of collateral estoppel under Colorado law have been met. Plaintiff respectfully submits that Debtors had a full and fair opportunity to litigate the issue in the State Action, thus satisfying the fourth requirement for issue preclusion under Colorado law.

10

As reflected in the Lexis Case History Search relating to the underlying State Action, approximately two and one half years transpired between the filing of Plaintiff's First Amended Complaint in December of 2007 and the entry of the stipulated judgment in May of 2010. During that period of time, Debtors clearly had a "full and fair opportunity" to litigate the issue in the State Action. While the courts in *In re Sukut* and *In re Riggle, supra,* declined to give the underlying judgments at issue in those cases preclusive effect, the debtor in both of those cases essentially refused to participate in the underlying action. In the instant case, by contrast, Debtors took affirmative steps to protect their interests before stipulating to the entry of the May 14, 2010 judgment in the State Action. Indeed, the May 14, 2010 judgment was the second judgment entered against Debtors in the State Action. After the initial default judgment was entered against Debtors on April 30, 2009, Debtors directed their counsel to move to set aside the judgment and, by order dated August 3, 2009, the Court agreed to do so. Approximately three months before the scheduled trial date, Debtors, with the advice of counsel, elected to stipulate to the entry of a judgment against them. Some nine months transpired between the setting aside of the default judgment and the settlement conference which resulted in the stipulation; during that time, Debtors clearly engaged in a "meaningful assessment" of the facts and made a "conscious choice" not to contest the entry of a judgment against them in an amount significantly less than the default judgment previously entered against them.

While the Tenth Circuit in *Nichols v. Board of County Commissioners,* 506 F. 3d 962 (10th Cir. 2007) declined to provide preclusive effect to a consent judgment, Plaintiff submits

11

that *Nichols* is distinguishable on its facts. As a threshold matter, it should be noted that *Nichols* did not address the issue of nondischargeability in a bankruptcy proceeding. Moreover, and more importantly, the settlement at issue in *Nichols* was entered into by a third party and La Plata County, not the landowners who sought to have the settlement accorded preclusive effect. Thus, in *Nichols,* the court did not examine whether the parties to the stipulation engaged in a "meaningful assessment" of the facts and made a "conscious choice" not to contest the entry of judgment.

In conclusion, it is clear that, in the instant case, Debtors had a "full and fair opportunity" to litigate the issue in the State Action. Debtors successfully moved to have an earlier default judgment against them set aside, reflecting a clear intention to protect their interests in the litigation. Thus, the fourth and final requirement for issue preclusion under Colorado law has been satisfied.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully submits that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. Debtors clearly engaged in a "meaningful assessment" of the facts and made a "conscious choice" to allow the judgment to enter against them in the State Action. Inasmuch as the requirements for issue preclusion under Colorado law have been met Plaintiff is entitled to an order pursuant to FRCP 56 declaring that Plaintiff's claims are exempt from discharge under 11 U.S.C. Section 523(a)(2) and (a)(4).

WHEREFORE, Plaintiff respectfully moves the Court for an order pursuant to FRCP 56 declaring that her claims are exempt from discharge pursuant to 11 U.S.C. Section 523(a)(2) and (a)(4).

Respectfully submitted this 15th day of August, 2011.

                MURRAY & DAMSCHEN, P.C.

                <u>s/Terrence P. Murray</u>
                **Terrence P. Murray, Esq.**
                CO Bar No. 16127
                **Darrell D. B. Damschen, Esq.**
                CO Bar No. 23146
                MURRAY & DAMSCHEN, P.C.
                1536 Cole Blvd., Suite 335
                Lakewood, CO 80401
                Telephone: (303)274-7752
                Fax: (303)274-7942
                E-Mail: Terry@madlawfirm.com
                E-Mail: Darrell@madlawfirm.com
                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document by transmitting a true copy thereof via USPS to the following on this 15th day of August, 2011.

Kerri J. Atencio, Esq.
ROBERTS, LEVIN, ROSENBERG
1660 Wynkoop Street, Ste. 800
Denver, CO 80202
*Attorneys for Defendants*

> Original signature Terrence P. Murray
> on file at the law firm of Murray & Damschen, P.C.